## MORRISON v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15361. Decided March 16, 1936

Joseph L. Stern, Cleveland, for plaintiff in error.

Alfred Clum, Director of Law, Cleveland, Perry A. Frey, Chief Police Prosecutor, Cleveland, and Stephen Gobozy, Asst. Police Prosecutor, Cleveland, for defendant in error.

## OPINION

By LIEGHLEY, PJ.

Referring to the parties as they stood in the trial court, the defendant, William Morrison, was arrested, charged with a violation of the zoning ordinance, tried, found guilty and sentenced to pay a fine. Error is prosecuted to reverse this judgment.

The defendant resides in a single family dwelling on West 101st Street in a district designated by ordinance as an apartment house district. He used this residence as a funeral home for the conducting of funerals and maintains a sign on the premises reading "Morrison Funeral Home."

The zoning ordinance was passed some years ago. In 1933 the Legislature enacted §1335 et seq. GC, to regulate embalmers and funeral directors. §1335-5 GC defines funeral directing or funeral directors to mean "the business or profession of directing or supervising funerals for profit, or the business or profession of preparing bodies for burial."

The zoning ordinance permits certain accessory uses. One of them upon which reliance is placed in this case is:

"Sec 1281-3 (k) 4 GC. The office of a surgeon, physician, dentist, clergyman, or other professional person residing in the main building."

The zoning ordinance must be deemed to have been passed with reference to the law then in force. The council most likely did not intend by the above section to comprehend any profession of funeral directing even if it is concluded that embalming and funeral directing is now a profession by virtue of the statute.

There is a rule of statutory construction that is applicable. This ordinance specifically mentions four so-called learned professions. The rule is well established and generally accepted that where a legislative body uses specific terms followed by language in general terms the meaning of the general phraseology is deemed to refer to the kind of specifically mentioned unless the language of the enactment fairly construed indicates a contrary intention. A contrary intention cannot be inferred from any language in the entire zoning ordinance. It is folly to say the council could have had any intention about a thing that was then non-existent.

The rule is better stated in the case of **State of Ohio v Johnson, 64 Oh St 271:**

"General words, following particular words, must, as a general rule, be confined to things of the same kind as those specified. **Schultz v Cambridge, 38 Oh St 659.** But this is a rule which is designed to be used in aid of the interpretation of a statute, and ought not to be so used as to limit or defeat the legislative intent."

Nor will the rule of construction announced in the case of **State v Cleveland, 83 Oh St 61,** aid the defendant. "A statute may include by inference a case not originally contemplated when it deals with a genus within which a new species is brought. A statute making it unlawful to throw a stone at a railroad car includes an interurban or traction railway car, although such cars were not known or in use at the time the statute was enacted."

Entertaining this view, and believing that this rule of construction is controlling in this situation, the language of the ordinance above quoted will not operate to exempt defendant in conducting a funeral home at this location.

Neither will the claim of defendant that the use of this dwelling house as a funeral home is merely a customary home occupation. In other words, he claims that his use

of this dwelling house is merely incidental. This claim is untenable.

The judgment is affirmed with exceptions noted.

TERRELL, J, concurs in judgment.
LEVINE, J, dissents.