THE STATE, EX REL. VIELHAUER ET AL., *v.* LEIGHTON ET AL.

(No. 8687—Decided August 11, 1959.)

*Mr. Louis J. Schneider, Jr.,* for relators.
*Mr. James W. Farrell, Jr.,* city solicitor, and *Mr. William A. McClain,* for respondents.

O'CONNELL, J.  This is an action in mandamus in which the relators say that relators Harvey J. Vielhauer and Lucile C. Vielhauer were, and that relators Harvey C. Vielhauer and Emily R. Vielhauer are now, the owners of certain real estate in Cincinnati, Ohio, known and described as lot 69 of Francis K. Drake Subdivision, and known as 2961 Madison Road, Cincinnati, Ohio, and that such real estate is zoned in "Residence C" district under the Cincinnati Zoning Ordinance.  They say further that relators Harvey J. Vielhauer and Lucile C. Vielhauer, for and on behalf of relators Harvey C. Vielhauer and Emily R. Vielhauer, on June 8, 1959, submitted to the respondents for approval an application for a zoning certificate of occupancy to build, operate and establish a funeral home on said real estate along with a plot plan of the proposed building to be erected thereon.

Relators say further that the respondents on July 20, 1959, refused to grant the application for the reason that Section 1312

of the zoning ordinance does not permit the use of the premises in "Residence C" district for funeral homes. The relators have therefore brought this action in mandamus against the respondents to compel them to issue the zoning certificate of occupancy for the establishment of a funeral home on the premises theretofore described.

To this petition in mandamus, the respondents have filed a demurrer for the reason that there is no allegation that the relators have exhausted their administrative remedies, that the use sought by the relators is not a "home occupation" and that under Section 1312 of the Cincinnati Zoning Ordinance ("Residence C" district use regulations) the uses permitted do not include funeral homes.

There is no doubt under the law of Ohio that administrative remedies must be exhausted, except in cases in which the constitutionality of a law, ordinance or other regulation or order is attacked. In the present case, there should have been an appeal to the Cincinnati Zoning Board of Appeals before an action in mandamus would have lain. Sections 1330-2 and 1330-9 of the Cincinnati Zoning Ordinance provide for such appeals.

Moreover, Section 2731.05, Revised Code, provides that "the writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law." Likewise, in *State, ex rel. Stein,* v. *Sohngen, Dir. of Dept. of Liquor Control,* 147 Ohio St., 359, the court on page 362 held that "the relator in the present proceeding was afforded by law an adequate remedy, *i. e.,* a review of the action of the Director of Liquor Control by an appeal to the Board of Liquor Control and then an appeal to the Court of Common Pleas of Franklin County from an adverse decision of the Board of Liquor Control." (In the *Stein case,* the relator had sought a writ of mandamus in the Supreme Court of Ohio commanding the Director of Liquor Control and the Board of Liquor Control to show cause why they should not grant a D-5 liquor permit to the relator.)

Section 1310-8 of the Cincinnati Zoning Ordinance provides that "office and home occupations" when conducted only within the dwelling and in which no person not a resident of the premises is employed, provided that not more than fifty (50) per

cent of the floor area of one story is devoted to such use and that no display pertaining to such use is visible from the street," are permitted. Is a funeral establishment any more of an "office occupation" than that of a barber? In *Smith* v. *City of Troy*, 18 Ohio Law Abs., 476 (Second District Court of Appeals) paragraph two of the headnotes is as follows: "A zoning ordinance which allows the use of dwellings for conducting occupations 'such as the office of a physician, surgeon, dentist, musician or artist' does not include the use of a dwelling for a barbershop."

But in *Morrison* v. *City of Cleveland*, 21 Ohio Law Abs., 396 (Eighth Appellate District), the use of a dwelling (in which "an office and home" occupation would have to be conducted) to conduct a funeral establishment is disallowed. In paragraph two of the headnotes it is stated that: "A municipal zoning ordinance which permits the accessory use of a dwelling for the office of a surgeon, physician, dentist, clergyman, 'or other professional person,' residing in the main building, does not comprehend the conducting of a funeral home therein, even though funeral directing, since the passage of the ordinance, has been designated a profession by statute."

In the case of *Smith* v. *City of.Troy, supra*, the court denied the claim of the plaintiff in error that he should be allowed to carry on his business (barbershop) because it is not prohibited in the "A Residence District" or the "B Four Family District." Said the court in this regard (p. 478): "This claim is answered by the provision of the ordinance which makes the specific provision as to the uses in the various districts and excludes all others. There is no specific exclusion of any kind or character. If the business is not included in the specific provisions, then it is excluded by the general terms of the ordinance."

In the case before this court, the property is zoned as "Residence C District." There is no specific inclusion of funeral homes for this district. Hence, they are banned in the district, being included in the specific provisions for the uses allowable in "Residence D District."

Therefore, it is the opinion of this court that the relators may not conduct a funeral home in "Residence C. District."

Therefore, because the relators have not exhausted all their

administrative remedies, and because a funeral business may not be regarded as "an office and home occupation" under Section 1310-7 of the Cincinnati Zoning Code, and because a funeral business may not be conducted in residence C District, the demurrer of the respondents is sustained, and the writ of mandamus is hereby denied.

*Demurrer sustained and writ denied.*

MATTHEWS, P. J., and LONG, J., concur.