Fox, Appellant, *v.* Johnson et al; The Shriver-Allison Co., Appellee.

(No. 4998—Decided April 29, 1971.)

*Mr. Paul E. Stevens,* for appellant.
*Messrs. Harrington, Huxley & Smith* and *Mr. Kenneth C. Schafer,* for appellee.


LYNCH, J. This appeal concerns the decision of the Boardman Township Zoning Board of Appeals rendered on November 25, 1969, granting a variance to the Shriver-Allison Company to permit the operation of a funeral home on 22.02 acres of land located at 6505 Market Street in Boardman Township. At the hearing, the only resident of Boardman Township who appeared in opposition to the granting of the variance was the appellant, who also operates a funeral home in Boardman Township. Neither the residence nor the business establishment of appellant is in the immediate vicinity of the area in question.

Appellant appealed this decision to the Court of Common Pleas, which court affirmed the decision of the Boardman Township Zoning Board of Appeals. Appellant then appealed the decision of the Court of Common Pleas to this court on questions of law.

This property formerly belonged to Mr. and Mrs. Beeghly, who gave the property to the Youngstown Hospital Association for use as a hospital. Due to extensive enlargement of the South Side Unit, the trustees of the Youngstown Hospital Association decided that they could not build a hospital on this site for five years, and they signed a lease with The Shriver-Allison Company for a five-year period from January 1, 1970, with an option to terminate the lease upon giving a six-months notice. The property is situated in a Residence R-1 zone district, with the exception of the portion fronting on Market Street, which is zoned commercial to a depth of 150 feet. The property on the east is zoned industrial.

The Shriver-Allison Company filed an appeal from the decision of the Boardman Township Zoning Inspector to the Boardman Township Zoning Board of Appeals. Its

written application requested a special permit under Section XI (Exception and Special Provision) of the Boardman Township Zoning Ordinance, but at the hearing the attorney for The Shriver-Allison Company referred to their application as one for a variance.

The decision of the Boardman Township Zoning Board of Appeals granting the variance at issue in this case was unanimous, but it was granted with certain stipulations, among which were the following:

"5. That the operation of this variance shall be for a maximum period of five years from 1/1/70 and to expire on 12/31/74.

"6. That this variance shall expire upon change of present lessee."

Section XI(A)(4) of the Boardman Township Zoning Ordinance permits the Boardman Township Zoning Board of Appeals to authorize the issuance of a permit in any residence district for a "public or quasi-public building." At the hearing before the Boardman Township Zoning Board of Appeals, The Shriver-Allison Company maintained that a funeral home is a quasi-public building and would come under this exception. The Court of Common Pleas did not refer to this particular question in its decision, and apparently based its decision independent of any consideration of this question. However, The Shriver-Allison Company has asked this court to consider the question of whether a funeral home is a quasi-public building within the meaning of the exception provided in Section XI(A)(4) of the Boardman Township Zoning Ordinance.

No Ohio case directly in point on this question has come to our attention. The only case that has come come to our attention that is pertinent is *Provo City* v. *Claudin*, 91 Utah 60, 63 P. 2d 570, which held that an ordinance prohibiting the use of a building in a residential district for other than certain specified purposes, which included "public semi-public buildings" did not allow funeral homes in such districts because a funeral home was neither a "public building" nor a "semi-public building" within the meaning of such ordinance.

We cannot see any substantial distinction between quasi-public building and semi-public building.

We hold that a funeral home is not a quasi-public building within the meaning of Section XI(A)(4) of the Boardman Township Zoning Ordinance.

Appellant's first assignment of error concerns the trial court's holding that appellant had not established that he was "adversely affected" as required by the ordinances of Boardman Township, and that appellant had not established that he is a "specified" person as required by R. C. 2506.01; therefore appellant is not entitled to make the appeal from the decision of the Boardman Zoning Board of Appeals.

Section XII(G) of the Boardman Township Zoning Ordinance provides, in part, as follows:

"Any person or persons jointly or severally adversely affected by any decision of the Board of Appeals, may appeal to the Court of Common Pleas of Mahoning County on the ground that such decision was unreasonable or unlawful."

The above provision of the Boardman Township Zoning Ordinance is similar to a part of R. C. 519.15, in effect prior to September 17, 1957, when this provision was removed by amendment and R. C. 2506.01 was enacted.

R. C. 2506.01 provides, in part, as follows:

"A 'final order, adjudication, or decision' does not include * * * any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; * * *."

We hold that R. C. 2506.01 is controlling rather than the above-cited provision of the Boardman Township Zoning Ordinance.

It was stipulated that appellant is and was at the time of the public hearing before the Board of Zoning Appeals a resident, property owner and elector of Boardman Township, Ohio, and that he appeared in person and was represented by attorney Paul E. Stevens at the public hearing and opposed the application for the variance at issue in this case.

We hold that under these circumstances, appellant was entitled to his timely appeal to the Court of Common Pleas pursuant to the authority of *Roper* v. *Board of Zoning Appeals,* 173 Ohio St. 168.

In the remaining assignments of error, appellant, in effect, contends that the Boardman Township Zoning Board of Appeals was without authority to grant the variance in this case.

Section XII(G)(3) of the Boardman Township Zoning Ordinance provides that the Board of Appeals shall have the power:

"To authorize upon appeal in specific cases such variance from the terms of this ordinance as will not be contrary to the public interest, and which will not substantially affect the comprehensive plan of zoning in Boardman Township, provided further, that adherence to the strict letter of the ordinance will cause difficulties and hardships, the imposition of which upon the petitioner is unnecessary in order to carry out the general purpose of the plan, so that the spirit of the ordinance shall be observed and substantial justice done."

R. C. 519.14 provides, in part, as follows:

"The township board of zoning appeals shall have the following powers: * * *

"(B) To authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done * * * "

The trial court found that the decision of the Boardman Township Zoning Board of Appeals in granting the variance at issue in this case was not unreasonable nor was such decision an unreasonable exercise of the power given to such Board by the Boardman Township Zoning Ordinance or by the provisions of R. C. 519.14(B); that the granting of the variance by the board was not contrary to the public interest and will not substantially affect the

comprehensive plans of zoning in Boardman Township; that it is not necessary to impose the difficulty and hardship requested by appellant upon the owners of this property in order to carry out the general purpose of the plan and observe the general spirit of the ordinance and to do substantial justice; and that there was no reason why the variance granted by the Boardman Township Zoning Board of Appeals could not be granted.

Funeral homes are commercial uses and zoning ordinances usually include them among the uses permitted as of right in some commercial districts. 2 American Law of Zoning, Anderson, 281, Section 11.19. See *Harford* v. *Dagenhart*, 21 Ohio Law Abs. 308; *Morrison* v. *Cleveland*, 21 Ohio Law Abs. 396.

The operation of a funeral home is permitted in commercial districts under the provisions of Section IX of the Boardman Township Zoning Ordinance. Section XII(E) of the Boardman Township Zoning Ordinance provides for amendment of the Boardman Township Zoning Ordinance by the Board of Township Trustees, subject to a referendum procedure.

Appellant contends that the effect of the decision of the Boardman Township Zoning Board of Appeals was to permit a commercial use, which in this case is a funeral home in a residential district, and that this amounted to a zone change rather than a variance.

A township board of zoning appeals is an administrative body and is without jurisdction to grant a "variance" which would, in effect, amend the use provisions of the zoning ordinance, in the absence of a showing of unusual hardship caused by the use restrictions imposed by the ordinance. *L. & M. Investment Co.* v. *Cutler*, 125 Ohio St. 12; *State, ex rel. Basista,* v. *Melcher*, 118 Ohio App. 37; *In re Zoning Variance of Gillen*, 21 Ohio Misc. 84.

There is a collection of cases on the granting of a variance in a residential district for the operation of a funeral home because of unnecessary hardship in 168 A. L. R. 85.

58 Ohio Jurisprudence 2d 615, Zoning, 159, states in part as follows:

"* * * An owner does not suffer hardship sufficient to warrant the granting of a variance simply because his land would be more valuable or yield more profits if the variance were granted. * * * A zoning regulation imposes an unnecessary hardship which will warrant a variance only where the hardship is unique to a particular owner's property. * * *

"Zoning regulations impose hardship sufficient to support the granting of a variance, if the only permitted uses are not economically feasible. Unnecessary hardship exists where an existing and legal use cannot efficiently be continued because of insufficient parking facilities, or because of the size or shape of a lot, or the placement of an existing building."

The grant of a variance by a Board of Zoning Appeals runs with the land, and is not a personal license given to the landowner. *State, ex rel. Parker,* v. *Konopka,* 119 Ohio App. 513.

In *Vlahos Realty Co.* v. *Little Boar's Head Dist.,* 101 N. H. 460, 146 A. 2d 257, the Supreme Court of New Hampshire held that where variance from zoning ordinance included requirement of an annual permit, which was also revocable and nontransferable because limited to specific owner or lessee who was operating the premises for that particular year, such condition was beyond the statutory power of the board of adjustment and invalid, since zoning conditions and restrictions are designed to regulate the land itself and its use and not the person who owns or operates the premises by whom such use is to be exercised.

Our sympathies are with the Youngstown Hospital Association on the rental of this property. However, the loss of rentals because of a denial of the variance does not, in itself, constitute the hardship sufficient to grant a variance. The hardship must be unique to this property itself. There was no evidence that permitted uses are not economically feasible, nor was there any evidence that a hardship unique to this property existed. Moreover, this variance does not run with the land but is restricted to a maximum period of five years for the sole benefit of The

Shriver-Allison Company. Thus, it vests a personal right in The Shriver-Allison Company.

We conclude that the granting of the variance under the circumstances of this case exceeded the authority of the Boardman Township Zoning Board of Appeals. Therefore, it was illegal and void.

*Judgment reversed.*

O'Neill, P. J., and Johnson, J., concur.