BROWN, Appellant,

v.

CANFIELD BOARD OF ZONING APPEALS et al., Appellees.

[Cite as *Brown v. Canfield Bd. of Zoning Appeals* (1997), 123 Ohio App.3d 442.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 219.

Decided Oct. 28, 1997.

*Stephen T. Bolton* and *Mark A. Beatrice,* for appellant.

*Paul J. Gains,* Mahoning County Prosecuting Attorney, and *Karen Markulin Gaglione,* Assistant Prosecuting Attorney, for appellee Canfield Township Board of Zoning Appeals.

*Mark Huberman,* for appellee Ohev Tzedek–Sharrei Torah Congregation.

---

GENE DONOFRIO, Presiding Judge.

Plaintiff-appellant, Mark A. Brown, appeals from an order of the Mahoning County Common Pleas Court which affirmed the granting of a use variance by defendant-appellee, Canfield Township Board of Zoning Appeals, in favor of defendant-appellee, Ohev Tzedek–Sharrei Torah Congregation ("the Congregation").

The Congregation owns a parcel of land in Canfield Township which is used as a cemetery. The use of this parcel as a cemetery predated the enactment of the zoning resolution of Canfield Township. The resolution zoned all of the land surrounding the cemetery as R–1, which allows only for single-family residences.

In September 1993, the Congregation applied to the board for a use variance for Lot 14 in the Howard Coulter Plat No. 1. The rear half of Lot 14 borders the Congregation's cemetery. The Congregation sought the variance in order that it might extend the cemetery onto the rear half of Lot 14.

A hearing on the variance request was scheduled and held on November 22, 1993, and continued on February 23, 1994. During the hearings, it was established that part of appellant's property (Lot 10 of the Joyce Ann Bova Plat No. 1) borders the existing cemetery and that, if the cemetery expansion was permitted, the cemetery usage would be extended along the rear line of appellant's property.

Lot 14 was owned by Lucy MacBride, who had accepted the Congregation's offer to purchase her lot. The offer was contingent upon the granting of the variance.

The front portion of Lot 14 contained a residence and that the front half of the property would continue to be used as residential property by the Congregation if the variance was granted.

Finally, it was established that space in the existing cemetery was limited; that the remaining plots in the cemetery would be used up in about ten years; that the expansion would be used for more plots, for additional parking, and to alleviate traffic problems during funeral services; and that Lot 14 was the only adjacent land available for extension of the cemetery.

The board ultimately approved the variance request, and appellant filed an R.C. Chapter 2506 appeal in the common pleas court. The case was heard by a magistrate, whose decision upholding the board's action was filed on August 3, 1995.

In his decision, the magistrate found that the Congregation had established unnecessary hardship, since it had shown that it needs more space for burial plots and to alleviate parking and traffic problems. The magistrate found that the board's decision was justified under the law and that there was no requirement that the Congregation show that the permitted uses of the land are not economically feasible.

After the trial court overruled appellant's objections to the magistrate's decision, appellant filed the instant appeal.

Appellant's sole assignment of error is as follows:

"The court erred in upholding defendant's grant of a variance when no evidence was presented to show that a relevant hardship from existing zoning exists as to the lot in question or that the existing use was no longer economically feasible."

In regard to his assignment of error, appellant argues that the board, the magistrate, and the trial court erred in granting the use variance to the Congregation because there was no showing made of unnecessary hardship with regard to Lot 14. Appellant argues that while the Congregation may have shown hardship with regard to its circumstances, the showing of unnecessary hardship as set forth in the zoning resolution and in R.C. 519.14 must be with regard to the property in question, not with regard to adjacent properties. Appellant argues that since there was no showing that Lot 14 could not continue to be used as residential property and since there was, in fact, an indication that the front half of Lot 14 would continue to be so used, unnecessary hardship was not shown. Appellant relies largely upon this court's decision in *Fox v. Johnson* (1971), 28 Ohio App.2d 175, 57 O.O.2d 234, 275 N.E.2d 637. In *Fox*, this court held that a zoning regulation imposes an unnecessary hardship that warrants a variance only where the hardship is unique to the property in question.

In response, appellees argue that appellant is misinterpreting *Fox*. Appellees argue that the Congregation established an unnecessary hardship since it was shown that Lot 14 was the only land available for expansion of the cemetery, that

the cemetery was nearing its capacity, and that the expansion would provide more parking and would help alleviate traffic problems. Appellees argue that while appellants are interpreting *Fox* as requiring a showing that all permitted uses of the and are not economically feasible, such a showing is not a requirement under Ohio law.

The issue presented by this appeal is whether, for purposes of granting a variance pursuant to R.C. 519.14 and Canfield Township's zoning resolution, a finding of unnecessary hardship must relate to the property for which the variance is sought or whether such a finding may be based upon a showing of hardship to be suffered by the owner of an adjoining property if the variance is not granted. A review of the general law on this subject leads us to conclude that a finding of unnecessary hardship must relate to the property for which the variance is sought.

R.C. 519.14 provides:

"The township board of zoning appeals may:

" * * *

"(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done."

Likewise, Canfield Township's zoning resolution provides, in Section 705.3.3, that the board of appeals has the following power:

"To authorize upon appeal in specific cases such variance from the terms of this Resolution as will not be contrary to the public interest, and which will not subsequently affect the comprehensive plan of the Zoning of Canfield Township, provided further, that adherence to the strict letter of this Resolution will cause difficulties and hardships, the imposition of which upon the petitioner is unnecessary in order to carry out the general purpose of the plan so that the spirit of this Resolution shall be observed and substantial justice done."

The Ohio Supreme Court has stated:

"A variance is intended to permit amelioration of strict compliance of the zoning ordinance in individual cases. It is designed to afford protection and relief against unjust invasions of private property rights and to provide a flexible procedure for the protection of constitutional rights. Conversely, variances are not authorized to change zoning schemes * * *. The authority to permit a variance does not include the authority to alter the character and use of a zoning

district." (Citations omitted.) *Consolidated Mgmt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 240, 6 OBR 307, 309, 452 N.E.2d 1287, 1289.

In *Consolidated,* the Supreme Court also noted, at 242, 6 OBR at 310, 452 N.E.2d at 1291, that the fact that the property in question can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classification.

In *Fox, supra,* a prospective lessee on a parcel of land situated in an R–1 residential district requested a variance to permit the operation of a funeral home, a commercial use, on the property. The Boardman Township Board of Zoning Appeals granted the variance and the common pleas court affirmed. On appeal, this court cited 58 Ohio Jurisprudence 2d (1963) 615, Zoning, Section 159:

" 'An owner does not suffer hardship sufficient to warrant the granting of a variance simply because his land would be more valuable or yield more profits if the variance were granted. * * * A zoning regulation imposes an unnecessary hardship which will warrant a variance only where the hardship is unique to a particular owner's property. * * *

"Zoning regulations impose hardship sufficient to support the granting of a variance, if the only permitted uses are not economically feasible. Unnecessary hardship exists where an existing and legal use cannot efficiently be continued because of insufficient parking facilities, or because of the size or shape of a lot, or the placement of an existing building.' " *Fox, supra,* 28 Ohio App.2d at 181, 57 O.O.2d at 237, 275 N.E.2d at 641.

Based upon these principles, the *Fox* court held that the loss of rentals to the owner of the parcel did not constitute hardship sufficient to require the granting of the variance. In so holding, this court noted that the hardship must be unique to the property for which the variance is sought. The court further noted that there was no evidence that the uses permitted in the zoning resolution were not economically feasible. The court therefore held that the variance had been erroneously granted.

The *Fox* court's statement that the hardship must be unique to the property in question appears to be in line with the vast majority of cases from other states, which hold that a variance is not properly granted on one parcel of property to correct a deficiency in another parcel. See, generally, *Snyder v. Zoning Hearing Bd.* (1975), 20 Pa.Cmwlth. 139, 341 A.2d 546, 3 Anderson's American Law of Zoning (4th Ed.), Section 20.30, at 522.

The reasoning behind this general rule is clear. If an owner of land is able to show unnecessary hardship for an adjoining parcel which he wishes to purchase simply by showing a need for the expansion of his current nonconforming use, there would be no integrity or consistency to zoning ordinances. Theoretically, a

person could nullify the entire zoning plan of a community by continually showing a need for expansion of his or her nonconforming use. By requiring the showing of unnecessary hardship to relate to the property for which the variance is sought, the law ensures the integrity of zoning ordinances of communities, while still allowing for exceptions where a parcel is especially burdened by the application of the zoning laws to it.

In an R.C. Chapter 2506 appeal from a decision of the board of zoning appeals to the common pleas court, the court must reverse the board if it finds that the decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. R.C. 2506.04.

■ In the instant case, we find that the Congregation made no proper showing of unnecessary hardship. While the variance might have been necessary in order for the cemetery to expand and the denial might impose a hardship upon the Congregation, it is clear that, under the law, the hardship shown must be with regard to the land for which the variance is sought. Since there is no evidence presented that Lot 14 would suffer any hardship at all, we find that the board and the magistrate improperly found unnecessary hardship and improperly granted the requested variance.

Appellant's assignment of error is found to be with merit.

The judgment of the magistrate is reversed, and judgment is hereby entered in favor of appellant.

*Judgment reversed.*

VUKOVICH, J., concurs.

Cox, J., dissents.

Cox, Judge, dissenting.

I must respectfully dissent.

The standard set forth for zoning appeals, when it comes to a variance, has been enunciated in *Cole v. Marion Twp. Bd. of Zoning Appeals* (1973), 39 Ohio App.2d 177, 68 O.O.2d 363, 317 N.E.2d 65, paragraph one of the syllabus:

"The standards set forth in R.C. 519.14 for the granting of variance by a township board of zoning appeals are fourfold: (1) The variance will not be contrary to the public interest; (2) owing to special conditions literal enforcement of the resolution will result in unnecessary hardship; (3) the spirit of the zoning resolution shall be observed; and (4) substantial justice shall be done."

Here, the appellant has focused on item number 2 above, and the majority has stated that the issue in this appeal is whether the hardship must relate to the property for which the variance is sought or whether a finding must be based upon a showing of hardship on adjoining property.

The majority would be correct in its position if this were not a cemetery. The property in question is residential. By its very nature, a cemetery has no use for a residence. Canfield Township Zoning Resolution 705.3.3 provides for the allowance of variances and the board, under 705.3.3 and R.C. 519.14, had the authority to make the decision it made.

The congregation (cemetery) needed the extension for two reasons: it needed additional space for burial lots and to relieve the present parking and traffic problems. Further, the evidence demonstrated that Lot 14 was the only vacant property available for parking or future burial lots. It would seem, therefore, that the congregation (cemetery) enhances the general zoning throughout the area without creating any adverse effect on the area. This is precisely what the Supreme Court said in *Consolidated Mgmt., Inc. v. Cleveland* (1983), 6 Ohio St.3d 238, 6 OBR 307, 452 N.E.2d 1287.

For that reason, I would affirm the decision of the board, the referee, and the trial court in this matter.