Appellant, Dinardo Construction, Inc., appeals the judgment of the Geauga County Court of Common Pleas, which affirmed the decision of appellee, Chester Township Board of Zoning Appeals ("BZA"), to deny appellant's request for a use variance.
In June of 1997, appellant purchased a 1.07 acre parcel of land, located at the northeast corner of the intersection of Rt. 322 and Opalocka Drive in Chester Township, Ohio, which is zoned commercial.
On July 22, 1997, appellant filed an application with the Chester Township Zoning Inspector, seeking a zoning certificate for the construction of a five-bay car wash. The Zoning Inspector denied appellant's application on the basis that a car wash is not a permitted use in the commercial district and that the proposed car wash did not meet certain dimensional requirements.
Appellant timely appealed the denial to the BZA and requested a use variance and three area variances for front yard setback, side yard setback, and driveway location. On August 11, 1997, the BZA convened at a public hearing and considered appellant's request. Appellant presented evidence concerning the operation of the car wash and water source issues. When asked if appellant had considered plans other than building a car wash, Mr. Dinardo testified that Dinardo Construction had looked into buying a Rally's hamburger franchise. Appellant offered to defer its summation and the matter was continued. On September 8, 1997, the BZA heard appellant's closing argument and voted to deny appellant's use variance request and ruled that appellant's area variance requests were rendered moot. Appellant timely appealed the BZA's decision to the Geauga County Court of Common Pleas pursuant to R.C. Chapter 2506. The trial court affirmed the BZA's decision, reasoning that a car wash was not a permitted use in Chester Township, and appellant had not demonstrated that the denial of the variance constituted an unnecessary hardship upon it.
From this judgment, appellant assigns the following errors:
 "[1.] THE TRIAL COURT ERRED BY FAILING TO FIND THE APPELLANT WILL SUFFER AN "UNNECESSARY HARDSHIP" AND SUBSEQUENTLY FAILING TO REVERSE THE DECISION OF THE BZA.
 "[2.] THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE ZONING INSPECTOR ERRED WHEN HE DETERMINED THAT CAR WASHES ARE NOT A PERMITTED USE IN THE "C: GENERAL COMMERCIAL" DISTRICT."
In its first assignment of error, appellant alleges that the trial court erred by failing to reverse the decision of the BZA. Chapter 2506 of the Revised Code governs the procedure for administrative appeals and provides at R.C. 2506.04 that:
 "The court [of common pleas] may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record * * *."
The standard of review applied by a court of common pleas is whether the BZA's decision is supported by a preponderance of reliable, probative, and substantial evidence. Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. When reviewing a denial of an application for a variance by a board of zoning appeals, there is a presumption that the board's determination is valid, and the burden of demonstrating the invalidity of the board's decision rests on the contesting party. C. Miller Chevrolet, Inc. v. Willoughby Hills (1974),38 Ohio St.2d 298, 313 N.E.2d 400. If a preponderance of reliable, probative, and substantial evidence exists to support the administrative decision, the court of common pleas must affirm.Dudukovich v. Lorain Metropolitan Housing Authority (1979),58 Ohio St.2d 202, 389 N.E.2d 1113. As an appellate court, "we must affirm the decision of the court of common pleas unless we conclude, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence." Rydbom v. Palmyra Township Board ofZoning Appeals (June 26, 1998), Portage App. No. 97-P-0086, unreported, citing Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34, 465 N.E.2d 848.
Appellee has the authority to grant variances pursuant to R.C. 519.14(B), which provides that a township board of zoning appeals may
 "authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done."
"Thus, a critical issue in the determination of whether to grant a requested use variance is whether a literal enforcement of the resolution will result in an unnecessary hardship to the party requesting the use variance." In Re: Appeal of FrankSuglia (Dec. 18, 1998), Lake App. No. 97-L-293, unreported.
Unnecessary hardship occurs when it is not economically feasible to put the property to a permitted use under its present zoning classification due to characteristics unique to the property. Fox v. Johnson (1971), 28 Ohio App.2d 175, 181,275 N.E.2d 637. Unnecessary hardship does not exist unless the property is unsuitable for any of the uses permitted by the zoning resolution. Appellant's property is zoned commercial; thus, in order to demonstrate unnecessary hardship, it was required to present evidence that its property was unsuitable for any of the uses permitted in the commercial district. Appellant did not present any such evidence. In fact, appellant testified that it could purchase a Rally's hamburger franchise, which is a permitted use. Appellant's opinion that a "car wash fits the community better" does not demonstrate unnecessary hardship.
Appellant contends that a use variance may be granted without demonstrating that there is no other economically viable use for its property, citing Goldberg Companies, Inc. v. Council ofthe City of Richmond Heights (1998), 81 Ohio St.3d 207,690 N.E.2d 510. Goldberg Companies is not applicable to the instant case. In Goldberg Companies, the Ohio Supreme Court held a zoning ordinance can be found unconstitutional without a showing that it denies the property owner an economically viable use of his property. Id. at 213. Appellant does not allege that the zoning resolution prohibiting car washes is unconstitutional, and Goldberg Companies does not address the standard for granting use variances. The court of common pleas did not err by failing to reverse the BZA's denial of a use variance. Appellant's first assignment of error has no merit.
In its second assignment of error, appellant alleges that the trial court erred by failing to find that the zoning inspector erred when he determined that a car wash is not a permitted use in the commercial district. Appellant did not make this argument before the BZA. Failure to object or raise an issue at an administrative hearing constitutes a waiver of that error on appeal to a court of common pleas. Alberini v. Warren Twp. Bd.of Trustees (Nov. 17, 1989), Trumbull App. No. 4083, unreported. Because appellant first raised this argument before the court of common pleas, it waived any error. Therefore, we need not address appellant's second assignment of error.
For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.
 ------------------------- JUDGE ROBERT A. NADER
CHRISTLEY, P.J., O'NEILL, J., concur.