OPINION
The instant action in prohibition is presently before this court for consideration of the parties' competing motions for summary judgment. Upon reviewing the parties' respective arguments and evidential materials, we conclude that the Burton Township Board of Zoning Appeals, respondent, has jurisdiction to proceed on the merits of the two appeals which are the subject of this action. Accordingly, judgment will be entered against relators as to their entire prohibition petition.
Relators are a group of private citizens who own, or reside upon, certain parcels of real property which are each located in Burton Township, Geauga County, Ohio.[1] Each of relators' respective parcels is situated near two other parcels of land which are not used for residential purposes. The first of the non-residential parcels is owned by D R Properties, and is located on Old Rider Road in Burton Township. This parcel is presently the site of a sand and gravel operation. The second of the non-residential parcels is owned by Richard Bonner, and is on White Road in Burton Township. This particular parcel is presently vacant.
On July 11, 2000, D R Properties and the Shalersville Asphalt Company filed with the Burton Township Zoning Inspector an application for a zoning certificate in relation to the "Old Rider Road" property. The application stated that the companies wanted to be allowed to use the land as a site for an asphalt plant and business office. On the same date, Richard Bonner and the Shalersville Asphalt Company submitted an application for a zoning certificate regarding the "White Road" property. This second application also stated that the applicants sought to use the land for an asphalt plant and business office.
Four days later, the Burton Township Zoning Inspector mailed a letter to the three applicants indicating that both applications for zoning certificates had been denied. In regard to the "Old Rider Road" property, the inspector stated that the property was in an area which was zoned solely for single-family dwellings. As to the "White Road" land, the inspector indicated that the land was in an area zoned for limited industrial use which did not involve a noxious, dangerous or offensive emission.
On August 4, 2000, exactly twenty days following the issuance of the Burton Township Zoning Inspector's decision as to the "Old Rider Road" property, D R Properties and the Shalersville Asphalt Company filed a notice of appeal from that decision. On that same date, Richard Bonner and the Shalersville Asphalt Company filed a separate notice of appeal from the inspector's decision in regard to the "White Road" property. Both of these notices were submitted to Joanne George, the Secretary of the Burton Township Board of Zoning Appeals.
In filing the two notices of appeal, the three appealing parties in this instance used a pre-printed form which contained a number of questions concerning the subject matter of the appeal. For example, if an appealing party sought a variance from a specific requirement of the zoning resolution, the form required the party to state the nature of the requested variance and to state any justification for the variance. The form also required the party to state the present zoning classification of the subject property and to provide a description of the existing use of the property.
In attempting to comply with the requirements of this form, the three parties appealing the zoning inspector's decisions, D R Properties, the Shalersville Asphalt Company, and Richard Bonner, completed the majority of the questions on this form. In addition, the three parties attached to the respective notices of appeal a copy of their respective applications for zoning certificates and a copy of the inspector's decision on the application. The three parties also attached to both notices a description of the proposed asphalt plant on the two properties.
In their notice of appeal as to the "Old Rider Road" property, D R Properties and the Shalersville Asphalt Company indicated that they were seeking a use variance because the property in question was located in a residential zoning district. They also argued that the variance should be granted because the fact that the land was already being used for a sand and gravel operation made it difficult to use the property for housing purposes. In their notice of appeal as to the "White Road" property, Richard Bonner and the Shalersville Asphalt Company asserted that no variance was needed in regard to this land, and that they had brought the appeal to challenge the inspector's decision that an asphalt plant would not be an appropriate industrial use for the property.
After its secretary had accepted the two notices of appeal, the Burton Township Board of Zoning Appeals began to take certain steps to go forward on the merits of both appeals, including setting a date for a public hearing on the matter. However, before the hearing could be held, relators' attorney delivered a letter to the zoning board concerning the propriety of the two appeals. Specifically, the letter stated that the zoning board could not go forward on the two appeals because the two notices of appeal had not been legally sufficient to invoke the zoning board's jurisdiction. Citing to Section 1002.4 of the Burton Township Zoning Resolution, the letter argued that both notices had failed to provide to the zoning board all of the information necessary to invoke the zoning board's jurisdiction.
Notwithstanding the jurisdictional arguments raised in relators' letter, the zoning board continued to take steps to exercise jurisdiction over both appeals. In addition to rescheduling the date of the public hearing, the zoning board accepted a supplement to the notice of appeal concerning the "Old Rider Road" property. In this supplement, D R Properties and the Shalersville Asphalt Company indicated that, besides the use variance, they were also seeking a "height" variance in regard to the proposed asphalt plant.
When it became evident that the zoning board did not intend to dismiss the two notices of appeal, relators initiated the instant action for a writ of prohibition. As they had argued in their letter to the zoning board, relators asserted in their petition before this court that the zoning board should be stopped from going forward on the appeals because the notices had not set forth sufficient information to satisfy the specific requirements of Section 1002.4 of the applicable zoning resolution. For their ultimate relief in this action, relators requested the issuance of an order which would prohibit the Burton Township Board of Zoning Appeals from rendering any adjudication on the merits of the two appeals.
In their prohibition petition, relators named as the respondents to the action the Burton Township Board of Zoning Appeals and the five individual members of that board: Sean Reeves, John Hornak, David A. Zeigler, Kimberly Steigerwald, and Timothy Snyder. After this action had been pending for approximately three months, this court granted the motion of the three appealing parties in the board proceedings, D R Properties, the Shalersville Asphalt Company, and Richard Bonner, to intervene as additional respondents.[2]
After each of the respondents had submitted an answer to the prohibition petition, the parties filed three motions for summary judgment as to the merits of relators' entire claim. In support of their arguments on the merits, relators attached to their summary judgment motion copies of the two original notices of appeals filed with the zoning board and the supplement which was submitted in regard to the notice concerning the "Old Rider Road" property. These three documents were accompanied by the affidavit of Evelyn Luoma, the Burton Township Clerk, who averred that the documents were true and accurate copies of the original notices and supplement.
In addition to the foregoing materials, relators also attached to their motion the affidavit of Robert C. Hill, who is the president of a community-planning firm. In his affidavit, Hill stated that, after reviewing the two notices of appeal in question, he had formed the opinion that the two notices did not set forth sufficient facts to comply with the informational requirements of Section 1002.4 of the Burton Township Zoning Resolution. Hill further opined that the information in the notices were insufficient to enable the zoning board to make an informed decision on the merits of the appeals.
A separate motion for summary judgment was submitted by the Burton Township Board of Zoning Appeals and its individual members. In support of their arguments on the merits, these respondents attached to their motion the affidavit of Sean Reeves, who is the chairman of the zoning board. As part of his affidavit, Reeves stated that: (1) most of the individuals who file appeals with the zoning board are laypersons who are not familiar with the requirements of the zoning resolution; (2) as a result, most of the notices of appeal do not contain all of the information which is required to be given under the resolution; and (3) if the zoning board concludes that additional information is needed, it notifies the applicant of the problem and provides him with an opportunity to correct the problem.
Finally, the three appealing parties in the board proceedings, D R Properties, the Shalersville Asphalt Company, and Richard Bonner, have moved this court for summary judgment as to the prohibition claim. In support of their arguments on the merits, these respondents attached to the motion copies of the two notices of appeals which they filed with the zoning board. According to these respondents, the copies of the two notices which were attached to relators' summary judgment motion were not fully accurate, and that the two copies accompanying their motion show that they submitted considerable more information with their notices than what relators assert. In addition to the copies of the notices, these respondents also attached to their motion excerpts of depositions which were taken of Sean Reeves, Joanne George, and Robert Hill.
Upon reviewing the evidential materials attached to all three summary judgment motions, this court concludes that, although the materials indicate that there are some factual disputes in this matter, these disputes pertain to superfluous issues which are not relevant to our final disposition of the case. Stated differently, there are no disputes concerning the facts which are relevant to the final outcome. A summary of the undisputed facts was set forth in the foregoing statement of the case.
In regard to the factual dispute as to the contents of the two notices of appeals filed with the zoning board, this court would note that the respective copies submitted by the parties were identical, except that the copies submitted by respondents contains three extra pages. Our review of these three pages indicates that the contents of these three pages will not affect our analysis of the jurisdictional question raised in relators' petition. Those identical portions of the parties' respective copies demonstrate that there are no factual disputes that: (1) both notices of appeals were filed in a timely manner with the zoning board's secretary; (2) both notices indicated who the appealing parties were and which decision of the zoning inspector they wanted to contest; and (3) both notices stated what relief the appealing parties ultimately sought.
In light of the foregoing undisputed facts, the instant case raises the following legal question: Were the two notices of appeals filed as to the "Old Rider Road" and "White Road" properties legally sufficient to invoke the jurisdiction of the Burton Township Board of Zoning Appeals? As was noted above, relators contend that the notices were insufficient because the appealing parties did not provide certain information which the zoning board needed to render its decision. In support of their argument, relators cite Section 1002.4 of the Burton Township Zoning Resolution.
The section in question sets forth the procedure which the Burton Township Board of Zoning Appeals must follow in any proceeding before it. Subdivision (A) of the section provides that any party who has been "aggrieved" by a decision of the township zoning inspector can appeal that decision to the zoning board. The subdivision further states that the appeal must be initiated by filing a notice of appeal with the zoning inspector and the zoning board within twenty days after the issuance of the inspector's decision.[3]
Subdivision (B) of Section 1002.4 sets forth the requirements which an applicant must satisfy in filing his notice of appeal. In addition to stating that an applicant must use the pre-printed form provided by the zoning inspector, subdivision (B) states that an applicant "shall include" certain information in the notice of appeal. Subdivision (B) then provides a list of fourteen items of information. Many of the items in the list are general in nature. For example, item (6) requires an applicant to provide a legal description of the subject property. In comparison, some of the items pertain solely to certain requests for relief, such as a request for a variance.
Emphasizing that subdivision (B) expressly provides that a notice of appeal "shall" contain the listed information, relators argue that the requirements of the subdivision are jurisdictional in nature. They further argue that because a board of zoning appeals can only exercise the power which a township delegates to it in the zoning resolution, the Burton zoning board has no discretion to waive the informational requirements and cannot assume jurisdiction over an appeal unless the requirements have been met. In response, respondents maintain in both of their motions for summary judgment that the provisions of subdivision (B) are merely directory in nature and have no bearing upon the zoning board's jurisdiction.
Our review of relevant Ohio law shows that prior precedent on this issue supports respondents' argument. In Stebelton v. Boblenz (Dec. 6, 1993), Fairfield App. No. 16-CA-93, unreported, the township zoning inspector granted the property owner and the builder a building permit for the construction of an addition to a trailer. After adjacent property owners had appealed the inspector's decision to the board of zoning appeals, that entity reversed the decision and revoked the permit. The board's ruling was then upheld by the common pleas court.
On appeal to the Fifth Appellate District, the builder and the owner of the subject property argued that the zoning board had lacked jurisdiction to hear the appeal from the inspector's decision because the notice of appeal of the adjacent property owners had not contained certain information expressly required by the zoning resolution. In rejecting this argument, the appellate court held that, although the wording of the zoning resolution had made the inclusion of the information in the notice mandatory, the failure to include the information did not deprive the board of jurisdiction because the zoning resolution did not expressly state that providing the information was a prerequisite to jurisdiction. The court also noted that the builder and the subject property owner had not been prejudiced by the failure to include the information in the notice.
The Stebelton holding is clearly applicable to the facts of this case. Our review of section 1002.4 of the Burton Township Zoning Resolution shows that it does not have any provision which expressly states that the informational requirements of subdivision (B) were intended to be jurisdictional in nature. Moreover, the wording of the various subdivisions in section 1002.4 do not even support an inference that the informational requirements were intended to be jurisdictional. As to this point, we would note that subsection (D) provides for a hearing at which the appealing party can present evidence in support of his position. Thus, since the zoning board's determination will not be based solely upon information submitted with the notice of appeal, it follows that the purpose of the informational requirements is merely to provide the board with a statement of the issues involved in the appeal; i.e., the disclosure of the information in the notice of appeal acts as a pre-hearing brief which the board can use to prepare for the hearing.[4]
Although this procedure would certainly be helpful to the zoning board in understanding the evidence presented to the hearing, it is not the type of requirement which goes to the jurisdiction of the board.
In addition to the foregoing, this court further concludes that, even if the Burton Township Zoning Resolution expressly stated that the informational requirements had to be satisfied to invoke the jurisdiction of the zoning board, such a "jurisdictional" requirement would not be valid because it directly conflicts with an applicable state statute. Specifically, R.C. 519.15 delineates certain rules governing the procedure for township boards of zoning appeals. In relation to the filing of notices of appeal with such a board, this statute provides:
 "Appeals to the board of zoning appeals may be taken by any person aggrieved or by any officer of the township affected by any decision of the administrative officer. Such appeal shall be taken within twenty days after the decision by filing, with the officer from whom the appeal is taken and with the board of zoning appeals, a notice of appeal specifying the grounds. The officer from whom the appeal is taken shall forthwith transmit to the board of zoning appeals all the papers constituting the record upon which the action appealed from was taken." (Emphasis added.)
 Pursuant to the foregoing statutory language, a party who is appealing to a board of zoning appeals is not required to provide substantial information concerning the underlying facts in the case as part of his notice of appeal. Instead, the party is merely required to state the basis for the appeal. In our opinion, this requirement can be satisfied by stating either: (1) how the zoning inspector allegedly erred in rendering his decision; or (2) what relief he ultimately seeks in the appeal. For example, a party can satisfy the statutory requirement simply by stating that he seeks to contest the inspector's determination that the proposed use was not permitted under the zoning resolution.
To the extent that section 1002.4 of the Burton Township Zoning Resolution requires a party to submit additional information which is not required under R.C. 519.15, the section would conflict with the statute if the requirements of the section were actually jurisdictional in nature. The wording of the statute readily indicates that the General Assembly did not intend for the process of invoking the jurisdiction of the zoning board to be as difficult as the process would become if the informational requirements of section 1002.4 were jurisdictional.
As a general proposition, an Ohio township does not have any inherent authority to enact a zoning resolution; instead, its power is limited to the authority which has been delegated to it by statute. Bd. ofBainbridge Twp. Trustees v. Funtime, Inc. (1990), 55 Ohio St.3d 106,108. Consistent with this proposition, this court has held that when a conflict exists between a state statute and a zoning resolution, the statute must prevail. Set Products, Inc. v. Bainbridge Bd. of ZoningAppeals (July 25, 1986), Geauga App. No. 1230, unreported.
In Fox v. Johnson (1971), 28 Ohio App.2d 175, the question before the appellate court concerned whether a proper appeal had been filed from the zoning board's decision to the common pleas court. A provision of the applicable zoning resolution stated that a party could appeal to the common pleas court if he had been "adversely affected" by the board's decision. In contrast, R.C. 2506.01 stated that the board's decision could be appealed only if a determination of the party's rights or privileges had been made. In concluding that the jurisdiction of the common pleas court had been properly invoked, the appellate court specifically held that the statute was controlling over the provision in the zoning resolution.
Although the instant case involves an appeal from the zoning inspector's decision to the Burton Township Board of Zoning Appeals, the same logic would apply. R.C. 519.15 expressly states the requirements which a party must satisfy in order to invoke the jurisdiction of a zoning board. While a zoning board would certainly have the power to impose additional requirements which are not jurisdictional in nature, it does not have the authority to alter the procedure for initiating the appeal itself. Thus, if the Burton Township Zoning Resolution did state that the informational requirements of section 1002.4 were considered jurisdictional, then the requirements could not be enforced.
Our review of the two notices of appeal submitted in the instant case demonstrates that both contained sufficient statements to satisfy R.C.519.15. The notice pertaining to the "Old Rider Road" property indicated that the appealing parties were seeking a use variance because the presence of the existing sand and gravel operation on the land would make it difficult to use the property for residential purposes. Similarly, the notice pertaining to the "White Road" property stated that the appealing parties were entitled to the zoning certificate because the proposed asphalt facility would be an appropriate industrial use for the land.
Furthermore, our review of both notices shows that they were sufficient to indicate who the appealing parties were, what properties were the subject of the appeals, what decisions were being challenged, and what relief was sought. The inclusion of this information clearly put relators on notice as to the subject matter of the appeals and gave them the opportunity to participate in the appeals if they so desired. Therefore, the evidential materials before this court support the finding that the two notices of appeal were legally sufficient to invoke the jurisdiction of the Burton Township Board of Zoning Appeals.
As an aside, this court would further note that the evidential materials before us do not show that the appealing parties submitted their notices of appeal to both the zoning inspector and the zoning board, as R.C. 519.15 mandates. Instead, the materials show that the notices were only filed with the zoning board itself.
However, in Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. ofZoning Appeals (Dec. 17, 1999), Portage App. No. 98-P-0131, unreported, we specifically held that the failure to submit the notice of appeal to the proper official is not a basis for reversing a zoning board's determination when the improper procedure has not adversely affected the substantial rights of the parties and the underlying purposes for the filing requirements have been satisfied. In the instant case, not only did relators fail to raise this matter as an issue in their prohibition petition, but the evidential materials readily demonstrate that no substantial right was violated as a result of the fact that the two notices were given only to the zoning board. Like the information contained in the notices of appeal, the procedure followed in filing the notices was sufficient to give relators proper notification that the appeals had been brought. Therefore, the zoning board can go forward with the two appeals.
In reaching the foregoing holdings, this court would emphasize that it is not our intention to render the informational requirements of subdivision (B) of section 1002.4 meaningless. The Burton Township Board of Zoning Appeals still has the authority to enact ministerial measures, such as the informational requirements, which serve the purpose of facilitating a quicker resolution of the appeal. However, such measures cannot be deemed as additional jurisdictional requirements because the steps for bringing an appeal to a zoning board are governed solely by the provisions of R.C. 519.15. As was noted above, a zoning resolution cannot attempt to make the filing of a notice of appeal more difficult than the specific procedure delineated in the statute.
When a respondent moves for summary judgment in an original action before an appellate court, he will be entitled to prevail on the motion if he can demonstrate that he can satisfy the standard for summary judgment as to one element of the relator's claim. Willoughby-EastlakeCity School Dist. v. Lake Cty. Court of Common Pleas (Apr. 21, 2000), Lake App. No. 99-L-130, unreported. Under the standard for summary judgment, the moving party is entitled to judgment in its favor when: (1) there are no genuine factual disputes remaining to be litigated; (2) the state of the evidence is such that reasonable minds will reach a conclusion against the opposing party, even when the evidence is construed in a manner most favorable to the opposing party; and (3) the moving party is entitled to judgment as a matter of law. Lager v.Pittman (2000), 140 Ohio App.3d 227, 234-235.
To be entitled to the issuance of a writ of prohibition, a relator must be able to prove, inter alia, that the proposed exercise of judicial power is not authorized under the law. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 178. Pursuant to the foregoing analysis, this court concludes that respondents have satisfied the standard for summary judgment in regard to this element of relators' prohibition claim; i.e., respondents have shown that relators will be unable to prove that the Burton Township Board of Zoning Appeals lacks jurisdiction to go forward in regard to the two subject appeals. Because the informational requirements set forth in the Burton Township Zoning Resolution are not jurisdictional in nature, respondents are entitled to judgment as a matter of law on the "jurisdiction" element of relators' claim in prohibition.
Accordingly, respondents' dual motions for summary judgment are granted. It is the order of this court that judgment is hereby rendered in favor of respondents as to relators' entire prohibition petition.
PRESIDING JUDGE DONALD R. FORD
JUDGE JUDITH A. CHRISTLEY, JUDGE ROBERT A. NADER
[1] The following individuals are relators in this action: Keith Ayres, Ann Marie Bednar, Helen Bartholomew, Edward Blankenship, Matthew Burless, Heather Fisher, Keith Miller, James Millet, Lisa Millet, Monica Plank, Janice Farmwald, Jackie Svec, Tim Schaefer, David Uncapher, Kathy Uncapher, Patricia Welch, Robert Welch, and Thomas Wilson, IV.
[2] For the sake of clarity, each of the nine respondents in this action have been referenced by their proper names during the foregoing statement of facts. During the reminder of this opinion, the term "respondents" shall be used to refer to all nine respondents, including the zoning board, its five individual members, and the three appealing parties in the board proceedings.
[3] The provisions of subdivision (A) are nearly identical to those of R.C. 519.15.
[4] In his affidavit, Robert C. Hill stated that he believed that the information set forth in both notices of appeal was insufficient to enable the zoning board to make an informed decision on the merits. However, because section 1002.4 provides for an evidential hearing in appeals before the zoning board, it follows that an appealing party is not required to provide all necessary information in the notice of appeal.