OPINION JUDGMENT ENTRY
{¶ 1} Appellant Edwin Quick appeals the decision of the Licking County Court of Common Pleas, Probate Division, that granted Appellee Michael Quick's motion to dismiss/motion to set aside for lack of jurisdiction. The following facts give rise to this appeal.
 {¶ 2} The decedent, Paul Quick, was born in Licking County on February 10, 1921. The decedent eventually moved to Allen County and married Rosa Hunter. However, on June 27, 1970, Ms. Hunter divorced the decedent in the Allen County Court of Common Pleas. The decedent and Ms. Hunter continued to reside together, in Lima, Ohio, until February 2002.
 {¶ 3} In early February 2002, the decedent's brother, Appellant Edwin Quick, received word about the decedent's illness. Appellant, along with John Quick, Dorothy Quick and sister-in-law, Carol Ward, traveled to Lima to visit the decedent. The decedent informed appellant that he wanted to live with him, in Licking County, during the final days of his illness. Based upon the decedent's request, appellant began the return trip, to Licking County, with the decedent.
 {¶ 4} However, as they proceeded to Licking County, the decedent's condition worsened. Due to the decedent's worsening condition, appellant transported the decedent to the Ohio State Medical Center, in Columbus, where the decedent was admitted to the hospital. After receiving treatment in Columbus, the decedent was transported to Licking Memorial Hospital's Hospice Unit, where he died on February 17, 2002. The decedent was buried in Licking County.
 {¶ 5} In January 2003, appellant filed an estate in Licking County. Although nearly a year had passed since the decedent's death, no estate had been filed in either Licking County or Allen County. On June 11, 2003, appellant's counsel sent a letter to Ms. Hunter regarding the interest the decedent had in the Allen County residence in which she resided. Ms. Hunter never responded to the letter.
 {¶ 6} In mid-October 2003, appellant attempted to finalize the estate. However, Ms. Hunter filed, with the probate court, documents claiming to be the spouse of the decedent and claiming the decedent was not a resident of Licking County at the time of his death. Thereafter, on January 12, 2004, Appellee Vernon Quick filed information, with the probate court, claiming to be the illegitimate son of the decedent. Appellee also filed, on this same date, a motion to dismiss/motion to set aside. The probate court granted appellee's motion on January 14, 2004.
 {¶ 7} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 8} "I. The Licking County Court of Common Pleas probate division erred when it found that the decedent Paul V. Quick was not a resident of Licking County at his death thus depriving the Licking County Probate Court of jurisdiction over the estate."
 I {¶ 9} In his sole assignment of error, appellant maintains the probate court erred when it concluded it did not have jurisdiction over the decedent's estate because he was not a resident of Licking County. We agree.
 {¶ 10} The statute pertinent to this appeal is R.C. 2113.01. This statute provides:
 {¶ 11} "Upon the death of a resident of this state intestate, letters of administration of his estate shall be granted by the probate court of the county in which he was a resident at the time he died. * * *"
 {¶ 12} In the case sub judice, the trial court determined that:
 {¶ 13} "* * * [A]t the time of the decedent's, Paul V. Quick's, demise on February 17, 2002 that Paul V. Quick had neither residence nor domicile in Licking County, Ohio. Pursuant to Section 2113.01 of the Ohio Revised Code, this Court had no authority or jurisdiction to issue letters of administration to Edwin Quick, the decedent's brother who resides at 555 Seroco Avenue, Newark, Ohio 43055. Given the fact that this Court had no jurisdiction to issue letters of administration, those orders previously entered by this Court are a legal nullity and are hereby ordered vacated." Judgment Entry, Jan. 14, 2004, at 1.
 {¶ 14} It appears from the language contained in the probate court's judgment entry that the court considered the issues of both residence and domicile. R.C. 2113.01 only requires the trial court to consider the issue of residence. That is, whether the decedent was a resident of the county where he died. If so, the probate court of that county has the authority to issue letters of administration. Under R.C. 2113.01, the probate court is not required to consider whether the decedent was domiciled in the county where he or she died.
 {¶ 15} Further, domicile is to be considered when determining in which county to probate a will. See R.C. 2107.11(A). According to R.C. 2107.11(A), a will is to be admitted to probate only in the county in which the testator was domiciled at the time of his or her death. State ex rel. Overland v. Brewer (1947),147 Ohio St. 386, 393.
 {¶ 16} Appellant maintains the decedent was a resident of Licking County because the decedent informed his family that he wanted to spend his final days, with appellant, in Licking County. Appellant argues that a person's decision to move to a given location, followed by a subsequent move to that particular location, is sufficient to establish residence in the new location. Appellant also notes that R.C. 2113.01 does not contain a minimum time period required to establish residency.
 {¶ 17} In response, appellee maintains the decedent was a resident of Allen County because his driver's license indicated Allen County as his residence. Second, an Allen County address was listed on income tax filings. Third, the decedent's medical bills were being mailed to an Allen County address. Fourth, the decedent's death certificate listed Allen County as his place of residency.
 {¶ 18} We find the case of In re: the Estate of Adams v.Stough (Mar. 9, 1984), Lake App. No. 9-291, instructive on the issue of whether the decedent was a resident, of Licking County, prior to his death. In the Adams case, the decedent lived in Crawford County, Pennsylvania. Id. at 1. However, in January 1981, the decedent was diagnosed with cancer. Id. Thereafter, in November 1982, the decedent moved to his sister's residence in Lake County, where he died in January 1983. Id. Two days prior to his death, the decedent executed a will. Id.
 {¶ 19} Thereafter, the decedent's sister sought to probate the decedent's will in Lake County. Id. An issue arose as to whether the decedent was domiciled in Lake County at the time of his death. The probate court concluded the decedent was domiciled in Lake County. Id. The decedent's estranged wife appealed the probate court's decision. Id. The Eleventh District Court of Appeals determined the decedent was domiciled in Lake County for purposes of probate. Id. at 2. In reaching this conclusion, the court of appeals noted the decedent had moved to his sister's home prior to his death and had expressed a wish to remain at his sister's residence until he died. Id. at 2.
 {¶ 20} Although the Adams decision addresses the issue of domicile and not residency because the decedent died testate, said decision is persuasive due to the similarity in facts. In addition to the factual similarity, we would also note the Eleventh District Court of Appeals determined the decedent had established domicile in Lake County, which is more difficult to establish than residency because domicile consists of two elements: residence and intention. Hill v. Blumenberg (1924),19 Ohio App. 404, 409, citing Pickering v. Winch (1906),48 Or., 500, 504, 87 P. 763, 765. Neither residence nor intention, standing alone, is sufficient to establish domicile. Id. As the court explained, "[r]esidence is not enough, except as it is co-joined with intent, which determines whether its character is permanent or temporary; and clearly a mere intent cannot create a domicile." Id.
 {¶ 21} In the matter currently before the court, since the decedent died intestate, the probate court is only required to determine whether the decedent was a resident of Licking County. Thus, unlike the appellee in Adams, appellant has an easier burden in that he only is required to establish the element of residency. Further, Adams is persuasive because the court of appeals found the decedent had established domicile, in Lake County, in less than two months, based upon his desire to live with his sister until his death.
 {¶ 22} In defining the term "residence," Black's Law Dictionary compares it with the term "domicile." In doing so, it states:
 {¶ 23} "Residence means living in a particular locality, but domicile means living in that locality with intent to make it a fixed and permanent home. Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile. [Citation omitted.] `Residence' is not synonymous with `domicile,' though the two terms are closely related; a person may have only one legal domicile at one time, but he may have more than one residence." [Citation omitted.] Black's Law Dictionary (6 Ed. 1990) 1309.
 {¶ 24} In reviewing the record in the case sub judice, we note the probate court did not conduct a hearing concerning appellee's motion to dismiss/motion to set aside. In fact the probate court raised the issue of jurisdiction in a judgment entry dated October 30, 2003, that it filed after conducting a status conference. The court expressed its concern regarding the unsworn statements made by the parties regarding the residence of the decedent. Judgment Entry, Oct. 30, 2003, at 2. The probate court specifically stated that it did not hear sworn testimony at the status conference regarding the issue of residency and invited appellant to submit a written response addressing the issue of jurisdiction. Id. at 2-3.
 {¶ 25} Further, the record indicates the probate court never conducted a hearing in order for the parties to present sworn testimony on this issue. The court merely ruled upon this issue based upon the pleadings and affidavits filed with the court. "Whether a court has jurisdiction of the subject matter of an action and of the parties to that action is a question of law."Valmac Industries, Inc. v. Ecotech Mach., Inc. (2000),137 Ohio App.3d 408, 411-412; Burns v. Daily
(1996), 114 Ohio App.3d 693, 701. Questions of law are reviewed de novo. Ohio Bell Tel. v. Pub. Util. Comm. (1992),64 Ohio St.3d 145, 147. Because the record does not contain any sworn testimony regarding the issue of jurisdiction, we are unable to conduct a de novo review of this matter.
 {¶ 26} Accordingly, we vacate the probate court's previous order and remand this matter for the court to conduct an evidentiary hearing in order for the parties to present sworn testimony regarding the issue of jurisdiction and whether the decedent was a resident of Licking County.
 {¶ 27} Appellant's sole assignment of error is sustained.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Licking County, Ohio, is hereby vacated and reversed and remanded for further proceedings consistent with this opinion.
Wise, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, Licking County, Ohio, is vacated and reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee.