[Cite as *Akron City School Dist. Bd. of Edn. v. Civ. Serv. Comm.*, 2012-Ohio-1618.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AKRON CITY SCHOOL DISTRICT
BOARD OF EDUCATION

    Appellant

    v.

CIVIL SERVICE COMMISSION, et al.

    Appellees

C.A. No.     26026


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-11-7525

DECISION AND JOURNAL ENTRY

Dated: April 11, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} The Akron City School District Board of Education fired Scott Bennett because he did not list that he had been convicted of assault and telephone harassment on his employment application. The Akron Civil Service Commission ordered the Board to reinstate him with back pay because it found that the issue had already been resolved a couple of years earlier. The Board appealed to the Summit County Common Pleas Court, which affirmed the Commission's decision. The Board has appealed, arguing that the Commission did not have authority to order it to reinstate Mr. Bennett because he is barred under state law from working for the school district. We affirm because the Commission had authority to order Mr. Bennett reinstated.

BACKGROUND

{¶2} In 2005, Mr. Bennett applied to work for the Akron public schools. On his application, Mr. Bennett wrote that he had previously been convicted of disorderly conduct.

During the hiring process, a background check uncovered that he had also been charged with telephone harassment and felonious assault. After Mr. Bennett met with school officials and resolved the discrepancy, the Board hired him. In 2007, a new state law required the district to conduct background checks of all of its employees. When the background check on Mr. Bennett uncovered that he had been convicted of telephone harassment and assault, the Board fired him for not disclosing the convictions on his employment application. The Commission ordered the Board to reinstate him, however, because it concluded that the Board did not prove that Mr. Bennett had violated any rules when he completed his application.

{¶3} The Board appealed to the common pleas court, which remanded the case to the Commission for additional findings of fact and conclusions of law. On remand, the Commission explained that it had concluded that the Board should reinstate Mr. Bennett because the Board had been aware of the issue with Mr. Bennett's criminal history for years and had already decided not to take any action on it. The Board appealed to the common pleas court again, but it affirmed the Commission's decision.

POWER TO REINSTATE

{¶4} The Board's assignment of error is that the common pleas court incorrectly affirmed the Commission's decision because the decision violates Sections 3319.39 and 3319.39.1 of the Ohio Revised Code. According to the Board, the Commission could not order it to reinstate Mr. Bennett with back pay because he is "statutorily unemployable." The Board made the same argument to the Commission and the common pleas court, but they rejected it.

{¶5} The Board has noted that, in 2007, the General Assembly enacted Section 3319.39.1 of the Ohio Revised Code, requiring school districts to conduct criminal background checks of its employees. It has also noted that, under Section 3319.39.1(C), "[a]ny person who

is the subject of a criminal records check under this section and has been convicted of or pleaded guilty to any offense described in division (B)(1) of section 3319.39 of the Revised Code shall not be hired or shall be released from employment, as applicable, unless the person meets the rehabilitation standards adopted by the department under division (E) of that section." Among the offenses described in Section 3319.39(B)(1) is "[a] violation of section . . . . 2903.13 . . . ." The Board has further noted that Mr. Bennett was convicted of assault under Section 2903.13 in 1989. It has argued that, inasmuch as Mr. Bennett was convicted for violating Section 2903.13, the Commission did not have the power to reinstate him because he is not employable under Section 3319.39.1(C).

{¶6} Even if we were to agree that the Commission does not have authority to reinstate someone who is statutorily prohibited from working for the school district, the Board has ignored the exception under Section 3319.39.1(C). Under that exception, a school district may retain an employee who has been convicted of one of the listed offenses if "the person meets the rehabilitation standards adopted by the department [of Education] under [Section 3319.39(E)]." In August 2009, the Department of Education enacted Rule 3301-20-03, which provides rehabilitation standards. The Commission held its hearing in this case in September 2009 and entered its initial decision in November 2009. It issued its decision after remand in October 2010. Accordingly, at the time the Commission heard this case and rendered its decisions, the Board was not necessarily prohibited from employing Mr. Bennett.

{¶7} The Board has not argued that Mr. Bennett does not meet the rehabilitation criteria established by the Department of Education. While it has argued that Mr. Bennett did not place the administrative code section in the record, courts may take judicial notice of administrative regulations. *See* Civ. R. 44.1(A). Moreover, it was the Board's burden, not Mr.

Bennett's, to prove to the common pleas court that the Commission exceeded its authority. *Neforos v. Richfield Village Bd. of Zoning Appeals*, 9th Dist. No. 16037, 1993 WL 280408 at \*4 (July 28, 1993) (explaining that in an appeal under Section 2506.04 of the Ohio Revised Code it is "the party contesting the decision [that] bears the burden of showing that the decision is erroneous."). Upon review of the record, we conclude that the Board has failed to establish that the Commission "could not order Mr. Bennett's reinstatement without violating [Section 3319.19.1]."

{¶8} The common pleas court correctly determined that "[t]he Commission's Decision is not rendered illegal by R.C. 3319.391." The Board's assignment of error is overruled.

## CONCLUSION

{¶9} Mr. Bennett is not "statutorily unemployable" by the Board just because he has been convicted of assault. The common pleas court correctly determined that the Commission had authority to order Mr. Bennett reinstated. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

CARR, J.
CONCURS IN JUDGMENT ONLY.

WHITMORE, P. J.
DISSENTING.

{¶10} Because I would conclude that R.C. 3319.391 required Bennett's termination, I would sustain the Board's sole assignment of error.

{¶11} After the enactment of H.B. 190 on November 14, 2007, the Akron Board of Education ("the Board") was required to request criminal records for nonlicensed employees on a regular basis. R.C. 3319.391(A). R.C. 3319.391 also required the Board to discharge any current nonlicensed employee from employment if the criminal records check disclosed a conviction of the type listed in R.C. 3319.39(B)(1). R.C. 3319.391(C). Bennett's criminal record check confirmed that he had a prior conviction for misdemeanor assault, an enumerated offense under R.C. 3319.39(B)(1)(a). R.C. 3319.391(C), therefore, applied to Bennett. *See* R.C. 3319.391(C).

{¶12} At the time of its enactment, R.C. 3319.391(C) provided:

Any person who is the subject of a criminal records check under this section and has been convicted of or pleaded guilty to any offense described in [R.C. 3319.39(B)(1)] * * * shall be released from employment, as applicable, unless the

person meets the rehabilitation standards adopted by the department under division (E) of that section.

R.C. 3319.39(E), as referenced in the above-quoted material provided:

The department of education shall adopt rules pursuant to Chapter 119. of the Revised Code to implement this section, including rules specifying circumstances under which the board or governing authority may hire a person who has been convicted of an offense listed in division (B)(1) or (3) of this section but who meets standards in regard to rehabilitation set by the department.

Accordingly, the department of education was responsible for devising rehabilitation standards for a nonlicensed employee with a prior conviction, such as Bennett. Those rehabilitation standards are embodied in the Ohio Administrative Code. *See* Ohio Adm.Code 3301-20-03. Misdemeanor assault is not a "non-rehabilitative offense," as defined by the Administrative Code, so the Administrative Code would have afforded the Board the discretion to retain Bennett if he met the conditions for rehabilitation. Ohio Adm.Code 3301-20-03(A)(6) (defining "non-rehabilitative offenses"); Ohio Adm.Code 3301-20-03(D) (permitting retention of rehabilitated employees).

{¶13} It is important to note that Ohio Adm.Code 3301-20-03(D) is wholly permissive in nature. That is, a district is not required to retain an employee even if the employee has been deemed rehabilitated. Ohio Adm.Code 3301-20-03(D). Rather, the district "maintains the discretion" to retain the rehabilitated employee. *Id.* Ohio Adm.Code 3301-20-03 would not have required the Board to retain Bennett even if he were rehabilitated.

{¶14} More importantly, Ohio Adm.Code 3301-20-03 did not go into effect until August 27, 2009. The rehabilitation standard, therefore, did not exist at the time of Bennett's March 11, 2009 discharge. Although R.C. 3319.39(E) mandated that the department of education adopt rules for the rehabilitation of affected employees, the department of education did not formulate rehabilitation standards for nonlicensed employees until five months after Bennett's discharge.

The rehabilitation standard, as it stands, is one that must be applied before a discharge occurs, not after. *See* Ohio Adm.Code 3301-20-03(I) ("*Prior to rendering a decision on employment*, the district shall provide an opportunity for a meeting to an employee, if requested by the individual, so that he/she may provide evidence of rehabilitation pursuant to the requirements of this rule.") (Emphasis added.) Because no rehabilitation standard existed at the time of Bennett's discharge, Ohio Adm.Code 3301-20-03 is not a loophole through which Bennett might be statutorily eligible for continued employment. *See Doe v. Ronan*, 127 Ohio St.3d 188, 2010-Ohio-5072, ¶ 22-24 (rejecting nonlicensed employee's argument that, had the rehabilitative standards in Ohio Adm.Code 3301-20-03 been enacted more quickly, he likely would have met them and noting that, while regrettable, "delay is often an inherent characteristic of the rulemaking process").

{¶15} Bennett's criminal record check disclosed a prior conviction that required the Board to discharge him. Pursuant to the law in effect at the time, Bennett's prior conviction made him statutorily ineligible for continued employment at Akron Public Schools. The Board is correct that, as a matter of law, Bennett was statutorily ineligible for continued employment when the Board discharged him. Consequently, I would conclude that the Commission lacked authority to order Bennett's reinstatement and sustain the Board's sole assignment of error. As such, I respectfully dissent.

APPEARANCES:

G. FREDERICK COMPTON, JR. and HELEN S. CARROLL, Attorneys at Law, for Appellant.

RHONDA PORTER, Attorney at Law, for Appellant.

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellee.

TAMMY L. KALAIL, Assistant Law Director, for Appellee.