[Cite as *Always Stay Unlimited, L.L.C. v. Stark Cty. Access Mgt. Bd.*, 2024-Ohio-5060.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ALWAYS STAY UNLIMITED, LLC, *et al.*, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff - Appellees | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| STARK COUNTY, OHIO ACCESS | : | Case No. 2023CA00085 |
| MANAGEMENT BOARD, *et al.*, | : | 2024CA00004 |
| | : | |
| Defendant - Appellants | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2022-CV-01839 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT: | October 21, 2024 |

APPEARANCES:

For Plaintiff-Appellees

KYLE L. STONE
Prosecuting Attorney
Stark County, Ohio

By: DEBORAH A. DAWSON
Civil Division Chief
LISA A. NEMES
Appellate Division Chief
JOHN LYSENKO
Assistant Prosecuting Attorney
110 Central Plaza South Ste. 510
Canton, Ohio 44702-1413

For Defendant-Appellants

MAJEED G. MAKHLOUF
ELIZABETH WELLS ROTHENBERG
Berns, Ockner & Greenberger, LLC
3733 Park East Dr., Suite 200
Beachwood, Ohio 44122

TERRY A. MOORE
OWEN J. RARRIC
TERRY J. EVANS
Krugliak, Wilkins, Griffiths & Dougherty
4775 Munson St., NW
Canton, Ohio 44735

*Baldwin, J.*

{¶1}    The appellants, Stark County Engineer and the Stark County, Ohio Access Management Board ("the Board") appeal the July 12, 2023, and January 5, 2024, judgment entries from the Court of Common Pleas of Stark County, Ohio ("Reviewing Court"). Appellees are Always Stay Unlimited, LLC, Donald G. Crum, Lake Cable Nursery, Inc., and Lake Cable Nursery, Ltd.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    On March 11, 2022, the appellees submitted an application for Regional Planning Submission ("site plan") for the development of Sgt. Clean Car Wash ("the car wash").

{¶3}    On April 5, 2022, the Stark County Regional Planning Commission conditionally approved the site plan subject to certain conditions, including that the access onto Everhard Road must be right-in, right-out only. During the process, the Regional Planning Commission ultimately approved a right-in/left-in, right-out only access. The appellees sent a letter as notice to the appellants of their request to appeal the access decision.

{¶4}    On October 4, 2022, the Board convened for a hearing.

{¶5}    At the hearing, the Engineer testified that, in his opinion, reasonable access to the Property includes left-ins, but not left-outs due to the traffic on Everhard Road.

{¶6}    Next, the Appellees called a traffic engineer to testify. The traffic engineer conducted a traffic impact study for the site. The Fulton roadway has roughly fifteen to twenty percent more traffic than Everhard Road. Therefore, of the two access points, it

would be better to grant full access to Everhard Road and right-in/right-out access to Fulton Road.

**{¶7}** The traffic engineer continued his testimony that restricting left-out access onto Everhard Road would cause traffic to take a right and either go through a residential street or complete a quick U-turn, creating an unsafe situation.

**{¶8}** The traffic engineer also testified that the traffic queueing to turn onto Everhard Road would remain on the Property, limiting the impact to traffic on Everhard Road. In the traffic engineer's opinion, allowing a left-out onto Everhard Road is safer than diverting traffic to a residential neighborhood.

**{¶9}** Mr. Crum testified that he has had trouble selling the Property and that the buyer has the right to terminate the purchase agreement if left-out access is not granted.

**{¶10}** An appraiser testified that not allowing full access onto either Fulton Road or Everhard Road would have a detrimental impact on the Property's value. He also testified that the property's zoning classification is a B-3, which allows for "virtually anything" commercially.

**{¶11}** An urban and neighborhood planner then testified that as a planner, he would want to design access to keep traffic on roadways that can accommodate the traffic. He testified that the neighborhood does not have curbs or sidewalks so more people will be walking in the streets. He continued that the increased traffic flow would be dangerous for this type of neighborhood.

**{¶12}** The appellants then called the Engineer to testify. The Engineer testified that it is his belief that left-in but no left-out access is reasonable based on the conditions. The Engineer did not elaborate. The appellants did not call any other witnesses.

{¶13} The Board denied the request for a variance, finding that the appellants failed to establish their right to a variance because the literal enforcement of the Regulations would not result in unnecessary hardship for the appealing parties. The Board found that the appellees' concerns are outweighed by public safety concerns.

{¶14} On November 16, 2022, the appellees filed a notice of administrative appeal to the common pleas court.

{¶15} On December 16, 2022, Appellee Sgt. Clean requested final approval for the left-in, right-in, right-out only site plan.

{¶16} On January 9, 2023, the appellees filed their merit brief in the common pleas court.

{¶17} On March 1, 2023, Appellee Sgt. Clean emailed the Regional Planning Commission regarding the new site layout. He asked if it should be a new submission or a modification of the previous submission. The Regional Planning Commission informed the appellee that this would be considered a significant change to the site plan and would require a revised submittal before the commission.

{¶18} On March 20, 2023, the Regional Planning Commission sent the appellees' new site plan to the County Engineer requesting written approval, disapproval, or recommendations.

{¶19} On March 28, 2023, the County Engineer's office sent approval of the new site plan to the Regional Planning Commission.

{¶20} On April 4, 2023, the Regional Planning Commission issued a conditional approval of the new site plan.

**{¶21}** On July 7, 2023, the Reviewing Court held an oral argument for the administrative appeal on the original site plan.

**{¶22}** On July 12, 2023, the Reviewing Court reversed the decision of the Appeals Board.

**{¶23}** The appellant's filed a timely notice of appeal and raised the following Assignment of error in case number 2023-CA-00085:

**{¶24}** "I. THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW AND EXCEEDED THE SCOPE OF ITS JURISDICTION BY APPLYING A DE NOVO STANDARD OF REVIEW TO AN ADMINISTRATIVE APPEAL UNDER R.C. CHAPTER 2506."

**{¶25}** "II. THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT REGULATIONS PROVIDED FOR AN APPEAL OF 'THE ENGINEER'S DECISION REGARDING THE EXCEPTION' AND FURTHER ERRED IN ISSUING AN ORDER PURPORTING TO REVERSE AN ILLUSORY IMPLIED DECISION AFFIRMING THE ENGINEER'S DECISION TO DENY AN EXCEPTION."

**{¶26}** "III. THE COMMON PLEAS COURT ERRED AS A MATTER OF LAW IN ITS INTERPRETATION AND APPLICATION OF THE CRITERIA FOR A VARIANCE IN THE REGULATIONS, AND ABUSED ITS DISCRETION IN FINDING THE EVIDENCE SATISFIED THIS STANDARD."

**{¶27}** On November 7, 2023, the appellants filed a Civ.R. 60(B) motion requesting relief from judgment.

**{¶28}** On November 21, 2023, this Court remanded the case to the trial court for the limited purpose of ruling on the appellants' Civ.R. 60(B) motion.

**{¶29}** On January 5, 2024, the Reviewing Court denied the Civ.R. 60(B) motion.

**{¶30}** The appellant's filed a second timely notice of appeal, Case Number 2024-CA-00004, raising the following assignments of error:

**{¶31}** IV. "THE COMMON PLEAS COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT FAILED TO FOLLOW THE PRESCRIBED PROCEDURE FOR RULING ON A CIV.R. 60(B) MOTION AND, INSTEAD SUA SPONTE RECAST THE MOTION AS A COMMON LAW MOTION TO VACATE A VOID JUDGMENT, OVERRULED THE MOTION BASED AN (sic) IMPROPER ANALYSIS, AND DISREGARDED THE ARGUMENTS STARK COUNTY ASSERTED IN SUPPORT OF RELIEF UPON THE PARTICULAR GROUNDS OF CIV.R. 60(B)."

**{¶32}** V. "THE COMMON PLEAS COURT ABUSED ITS DISCRETION WHEN IT DENIED RELIEF FROM JUDGMENT UNDER CIV.R. 60(B)(1), (3), (4), AND (5)."

## MOTION TO DISMISS

**{¶33}** The appellees filed a Motion to Dismiss for lack of standing. The appellees argue that each of the appellants lacks standing. We disagree.

**{¶34}** "[T]he proper party to appeal under R.C. Chapter 2506 is 'the city, the city official responsible for enforcing the zoning regulations, or other persons aggrieved by the court's decision.' " *Safest Neighborhood Assn. v. Athens Bd. of Zoning Appeals*, 2013-Ohio-5610 (4th Dist.), quoting *Sich v. Bd. of Zoning Appeals for the City Middletown*, 1984 WL 3386 (12th Dist.). According to R.C. §5552.10, "[t]he board of county commissioners shall designate the county engineer to administer county access management regulations[.] Therefore, the county engineer, in the role of administrator of county access management regulations, is the proper party to an appeal under R.C. Chapter 2506 of a

decision of the Stark County, Ohio Access Management Board. Accordingly, the appellees' Motion to Dismiss is denied.

## I.

**{¶35}** In the appellants' first Assignment of Error, the appellant argues the Reviewing Court erred as a matter of law when it applied the wrong standard of review. We disagree.

## STANDARD OF REVIEW

**{¶36}** The appropriate application of a standard of law is a question of law. *Copley Twp. Bd. of Trustees v. Lorenzetti*, 2001-Ohio-1662 (9th Dist.), ¶20. "Questions of law are reviewed de novo." *In re Estate of Quick*, 2004-Ohio-4434 (5th Dist.), ¶25. A de novo review requires an independent review of the common pleas court's decision without any deference to its determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704 (4th Dist.1993).

## ANALYSIS

**{¶37}** R.C. §2506.04 states:

> If an appeal is taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code, the court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order,

adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

**{¶38}** A court of common pleas is authorized to reverse a final decision of a board "if, after a review of the complete record, it finds that the board's decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Willow Grove, Ltd. v. Olmstead Twp. Bd. of Zoning Appeals*, 2022-Ohio-4364, ¶16.

**{¶39}** The Reviewing Court's July 12, 2023, Judgment Entry distinguishes between a pure de novo review and a review of an administrative appeal under Revised Code Chapter 2506. A review under Revised Code Chapter 2506 resembles a de novo proceeding. *Shelly Materials, Inc. v. City of Streetsboro Planning & Zoning Commission*, 2019-Ohio-4499. In such a review, the Reviewing Court "weighs the evidence to determine whether a preponderance of reliable, probative, and substantial evidence supports the administrative decision, and if it does, the court may not substitute its judgment for that of the administrative agency." *Id.* "The court of common pleas may not 'blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise.' " *Id.*, quoting *Dudukovich v. Lorain Metropolitan Hous. Auth.*, 58 Ohio St.2d 202, 207 (1979). "The court of common pleas has 'the power to examine the whole record, make factual and legal determinations, and reverse the [administrative agency's] decision if it is not supported by a preponderance of substantial, reliable, and probative evidence.' " *Id.*, quoting *Cleveland Clinic Found. v. Cleveland Bd. of Zoning*

*Appeals*, 2014-Ohio-4809. In contrast, a de novo review requires the Reviewing Court to review the matter "as if the cause had never been tried below." *Lincoln Properties, Inc. v. Goldslager*, 18 Ohio St.2d 154, 159 (1969).

**{¶40}** The Reviewing Court found that a preponderance of the evidence did not support the Board's decision. Instead, a preponderance of such evidence supports allowing left-out access onto Everhard Road. While a de novo review may have been stipulated to by the parties, the record shows the Reviewing Court properly conducted a review pursuant to Revised Code Chapter 2506.

**{¶41}** Accordingly, the appellant's first Assignment of Error is overruled.

## II.

**{¶42}** In the appellants' second Assignment of Error, the appellants first argue the Reviewing Court erred as a matter of law in determining that the appellees could appeal the denial of an exception. They also argue that the Reviewing Court lacked jurisdiction to consider the issue because the Board did not rule upon the exception. We disagree.

## STANDARD OF REVIEW

**{¶43}** "Questions of law are reviewed de novo." *In re Estate of Quick*, 2004-Ohio-4434 (5th Dist.), ¶25. A de novo review requires an independent review of the common pleas court's decision without any deference to its determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704 (4th Dist.1993).

## ANALYSIS

**{¶44}** R.C. §5552.07 states:

> A board of county commissioners or board of trustees that adopts
> access management regulations under section 5555.02 of the Revised

Code shall include in those regulations the designation of a board to hear and decide appeals when it is alleged that there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of regulations. This appellate board may be the board itself acting in an administrative capacity, or some other board appointed by the board of county commissioners or board of township trustees, whichever is applicable. The regulations also shall authorize that appellate board to grant variances that are not contrary to the public interest from the terms of the regulations where, owing to special conditions, a literal enforcement of the regulations will result in unnecessary hardship, and so that the spirit of the regulations will be observed and substantial justice done.

**{¶45}** Regulation §3(K) states, "[p]ursuant to Revised Code 5552.07, the Board of Commissioners upon adoption of access management regulations shall designate a Stark County Road Access Board of Appeals to hear and decide appeals when it is alleged that there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of these Regulations."

**{¶46}** Regulation §3(L) states, "[i]n cases where the applicant and the Engineer cannot resolve an issue, the applicant has the right to take their case to the Stark County Road Access Board of Appeals to have their case heard and acted upon accordingly."

**{¶47}** Regulation §4.4 states, in pertinent part, "[t]he Engineer has the ability to grant exceptions to the stated regulations based on unique or special conditions that make strict compliance with the regulations impractical or impossible."

**{¶48}** Regulation §4.5.1(A) states, "[t]he Road Access Board of Appeals may grant variances to these regulations that are not contrary to the public interest where, owing to special conditions, a literal enforcement of these Regulations will result in unnecessary hardship, and so that the spirit of the Regulations will be observed and substantial justice done."

**{¶49}** Regulation §4.5.2(A) states, "[i]f an applicant believes the Engineer mistakenly applied or misinterpreted these access management regulations, the applicant can appeal the access decision."

**{¶50}** Therefore, the Regulations provide for an appeal process to review an administrative official's orders, requirements, decisions, and determinations and seek a variance from the board.

**{¶51}** In the case *sub judice*, the appellees appealed the Engineer's decision and requested a variance from the Board. Both actions are permitted by R.C. §5552.07 and the accompanying regulations. Both actions are reviewable by the Reviewing Court according to Revised Code Chapter 2506.

**{¶52}** Additionally, the appellants argue that since the Board failed to explicitly affirm the Engineer's decision to deny the appellees an exception to the regulations, the Reviewing Court lacks jurisdiction to hear an appeal. This argument is analogous to when a trial court fails to rule upon a motion. When a trial court fails to rule on a motion, it is presumed to be overruled. *Hayes v. Smith*, 62 Ohio St. 161, 189 (1900). Therefore, the Board's failure to affirm or reverse the Engineer's decision to deny the appellees and exception to the regulations implicitly affirmed that decision. Accordingly, the issue was appropriately before the Reviewing Court.

**{¶53}** The appellants' second Assignment of Error is overruled.

## III.

**{¶54}** In the appellant's third Assignment of Error, the appellant argues the Reviewing Court erred as a matter of law in its interpretation and application of the criteria for a variance in the Regulations and abused its discretion in finding that the evidence satisfied this standard. We disagree.

## STANDARD OF REVIEW

**{¶55}** "A determination of the burden of proof is a question of law." *Bros. v. Morrone-O'Keefe Dev. Co.*, 2006-Ohio-1160, ¶¶16-17. Again, "[q]uestions of law are reviewed de novo." *In re Estate of Quick*, 2004-Ohio-4434 (5th Dist.), ¶25. A de novo review requires an independent review of the common pleas court's decision without any deference to its determination. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704 (4th Dist.1993).

**{¶56}** "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

## ANALYSIS

**{¶57}** In the appellants' third assignment of error, the appellants argue the court of common pleas erred in placing the burden of proof on the Engineer to present evidence to refute the appellees' arguments and that the appellees met the burden of showing a variance was appropriate. We disagree.

**Burden of Proof**

**{¶58}** Again, Regulation §4.5.1(A) states, "[t]he Road Access Board of Appeals may grant variances to these regulations that are not contrary to the public interest where, owing to special conditions, a literal enforcement of these Regulations will result in unnecessary hardship, and so that the spirit of the Regulations will be observed and substantial justice done."

**{¶59}** The party contesting a decision in an appeal under R.C. §2506.04 bears the burden of showing that the decision is erroneous. *Akron City Sch. Dist. Bd. of Edn. V. Civil Serv. Comm.*, 2012-Ohio-1618 (9th Dist.), ¶7.

**{¶60}** In the case *sub judice*, the appellants argue that the Reviewing Court erroneously places the burden of proof on the appellants. However, the record does not support this argument. In the July 12, 2023, Judgment Entry, the Reviewing Court says, "[t]he Court agrees that it is [the appellees] who must carry the burden of proof in this administrative appeal." 7/12/2023 J. Entry at 10. The Reviewing Court merely recognized that the appellants failed to present evidence in support of their decision, the court did not shift the burden of proof to the appellants. Accordingly, the Reviewing Court appropriately placed the burden of proof on the appellees.

**Abuse of Discretion**

**{¶61}** The appellants also argue that the Reviewing Court abused its discretion in finding the evidence presented by the appellees met the burden of proof, showing that the Board should have granted a variance. We disagree.

**{¶62}** Again, R.C. §5552.07 states:

A board of county commissioners or board of trustees that adopts access management regulations under section 5555.02 of the Revised Code shall include in those regulations the designation of a board to hear and decide appeals when it is alleged that there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of regulations. This appellate board may be the board itself acting in an administrative capacity, or some other board appointed by the board of county commissioners or board of township trustees, whichever is applicable. The regulations also shall authorize that appellate board to grant variances that are not contrary to the public interest from the terms of the regulations where, owing to special conditions, a literal enforcement of the regulations will result in unnecessary hardship, and so that the spirit of the regulations will be observed and substantial justice done.

**{¶63}** Regulation §4.5.1(A) states, "[t]he Road Access Board of Appeals may grant variances to these regulations that are not contrary to the public interest where, owing to special conditions, a literal enforcement of these Regulations will result in unnecessary hardship, and so that the spirit of the Regulations will be observed and substantial justice done."

**{¶64}** The Reviewing Court noted that the terms "public interest," "special conditions," and "unnecessary hardship" are not defined in applicable statutes. As such, the court used context, applying the rules of grammar, common usage, and case law to guide its analysis. The court found the term "public interest" to mean:

More than a mere curiosity; it means something in which the public,

the community at large, has some pecuniary interest, or some interest by

which their legal rights or liabilities are affected. It does not mean anything

so narrow as the interests of the particular localities, which may be affected

by the matters in question.

*State ex. rel. Ross v. Guion*, 82 Ohio Law Abs.1 (8th Dist.1959); *State ex rel. Athens Cty. Dept. of Human Serv. v. Wolf*, 77 Ohio App.3d 619, 625 (4th Dist.1991). The Reviewing Court identifies two groups as having a "public interest." The first group is those individuals traveling on Everhard Road or turning left out of the property and those living in the nearby residential neighborhood.

**{¶65}** A traffic engineer testified regarding a traffic impact study. He testified that restricting left-out turns onto Everhard road would cause traffic to be diverted from a commercial area to go through a residential area creating an unsafe environment. The traffic engineer also testified that any queueing for the left turn onto Everhard Road would be contained on the Property. He concluded by saying that right-out only access does not grant reasonable access to the Property and that allowing left-out access would be safer. The Reviewing Court found that "the driver at Fulton Drive and Everhard Road may acquiesce, to some degree, to traffic congestion, the same cannot be said of the homeowners who abut the Property." J.Entry at 27.

**{¶66}** An urban and neighborhood planner testified that, in his opinion, full access to Everhard Road should be granted as the commercial zone could accommodate the traffic better than the residential neighborhood. He testified that the neighborhood does

not have curbs or sidewalks, so more people will be walking in the streets. The increased traffic flow would be dangerous for the neighborhood.

**{¶67}** The Reviewing Court concluded that the evidence presented at the hearing weighs in favor that left-out access onto Everhard Road would not be contrary to the public interest.

**{¶68}** The Reviewing Court noted that the Property's shape and location are special conditions necessitating a variance. The record shows that the property is "L-shaped" and connected to two different commercial areas, and it also acts as a buffer between these commercial zones and a rural residential area.

**{¶69}** With regard to unnecessary hardship, the Reviewing Court noted, "[t]he mere fact that appellees' property can be put to a more profitable use does not, in itself, establish an unnecessary hardship where less profitable alternatives are available within the zoning classification." *Consol. Mgt., Inc. v. City of Cleveland*, 6 Ohio St.3d 238, 242 (1983). Furthermore, a financial burden alone cannot create a hardship justifying a variance. *Id.*

**{¶70}** Historically, the Property had full access to both Fulton Road and Everhard Road. Now, it is being denied full access to both. "Zoning regulations impose hardship sufficient to support the granting of a variance if the only permitted uses are not economically feasible. Unnecessary hardship exists where an existing and legal use cannot efficiently be continued because of insufficient parking facilities, or because of the size or shape of a lot, or the placement of an existing building." *Brown v. Canfield Bd. of Zoning Appeals*, 123 Ohio App.3d 442, 446 (7th Dist.1997).

{¶71} A certified appraiser testified that due to the loss of full access to both Everhard Road and Fulton Road, the property owner would be unable to use the land the same way. The property owners are continuing to use the property for the same zoning classification, and the hardship suffered is attributable to restricting access out of the property. The Reviewing Court found this in favor of allowing a variance.

{¶72} Accordingly, we find the Reviewing Court's decision was not unreasonable, arbitrary, or unconscionable.

{¶73} The appellants' third Assignment of Error is overruled.

## IV.

{¶74} In the appellant's fourth Assignment of Error, the appellant argues the Reviewing Court erred when it failed to follow the prescribed procedure for ruling on a Civ.R. 60(B) motion. We disagree.

## STANDARD OF REVIEW

{¶75} To prevail on a motion to vacate a judgment pursuant to Civ.R. 60(B), the movant must demonstrate that : (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan*, 1986 WL 8646 (Aug. 4, 1986). "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain

relief." *Id.* at 5. Our standard to review a court's decision as to whether to grant a Civ.R. 60(B) motion is an abuse of discretion. *Id.*

**{¶76}** Again, "[t]he term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

## ANALYSIS

**{¶77}** In their fourth Assignment of Error the appellants seem to argue that the Reviewing Court *sua sponte* ignored their Civ.R. 60(B) motion and instead recast as a motion to vacate a void judgment. However, they are ignoring several pages of the Reviewing Court's January 5, 2024, Judgment Entry denying their Civ.R. 60(B) motion. 1/5/2024 J.Entry at 8-14.

**{¶78}** Civ.R. 60(B), in pertinent part, states:

**(B) Mistakes; Inadvertance; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc.** On Motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective

application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable period of time, and for reasons (1), (2), (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶79}** In the Reviewing Court's January 5, 2024, Judgment Entry, the Reviewing Court addresses whether or not the appellant has a meritorious defense or claim to present if relief is granted. The appellants' arguments can be categorized as 1) A transfer of Mr. Crum's interest in the Property pursuant to the purchase agreement after the decision by the appeals board warrants relief from judgment; and 2) the appellees abandoned their argument by seeking final approval of an alternate option.

**{¶80}** The Reviewing Court noted that the appellants and appellees entered into a stipulation. The parties stipulated that the Reviewing Court's analysis was confined to the record before the board. Therefore, the Reviewing Court could not review the transfer of Mr. Crum's interest in the Property nor the appellees seeking an alternative site plan because of the parties' stipulation. The appellants have failed to establish that they have a meritorious defense or claim to present if relief is granted.

**{¶81}** Accordingly, the appellants' fourth Assignment of Error is overruled.

**V.**

**{¶82}** In the appellant's fifth Assignment of Error, the appellant argues the Reviewing Court abused its discretion in denying the appellants' Civ.R. 60(B) motion.

**STANDARD OF REVIEW**

**{¶83}** Again, to prevail on a motion to vacate a judgment pursuant to Civ.R. 60(B), the movant must demonstrate that : (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R.60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The *GTE Automatic* factors are "independent and conjunctive, not disjunctive." *Blaney v. Kerrigan*, 1986 WL 8646 (Aug. 4, 1986). "[F]ailing to meet one is fatal, for all three must be satisfied in order to gain relief." *Id.* at 5. Our standard to review a court's decision as to whether to grant a Civ.R. 60(B) motion is an abuse of discretion. *Id.*

**{¶84}** "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

**ANALYSIS**

**{¶85}** The appellants summarily argue the Reviewing Court abused its discretion in denying their Civ.R. 60(B) motion.

**{¶86}** The appellants have the burden of demonstrating error on appeal. *See*, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Untied*, 2007-Ohio-1804 (5th Dist.), ¶141. Therefore, we may disregard

assignments of error the appellants presented for review since they failed to identify in the record the error on which the assignment of error is based. App.R. 12(A)(2).

**{¶87}** The appellants acknowledge that they fail to point to any particular error but state the failure of the court to rule on the Civ.R. 60(B) motion is a reversible error. To the extent the appellants are arguing that the Reviewing Court failed to perform a Civ.R. 60(B) analysis, we have addressed this in the appellants' fourth Assignment of Error above. Any other arguments the appellants are attempting have not met the requirements of App.R.16 and, accordingly, are disregarded pursuant to App.R. 12.

**{¶88}** The appellants fifth Assignment of Error is overruled.

## CONCLUSION

**{¶89}** For the forgoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Gwin, J. concur.