[Cite as *Canton-Stark Cty. Sewer Cleaning, Inc. v. Magee*, 2026-Ohio-219.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CANTON-STARK COUNTY SEWER CLEANING, INC. dba ROTO-ROOTER | Case No. 2025CA00054 |
| | Opinion And Judgment Entry |
| Plaintiff - Appellee/Cross-Appellant | Appeal from the Stark County Court of Common Pleas, Case No. 2023 CV 01534 |
| -vs- | Judgment: Affirmed in part; Reversed in part |
| CASEY M. MAGEE, et al., | Date of Judgment Entry: January 23, 2026 |
| Defendants – Appellants/Cross-Appellees | |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** ROBERT W. ECKINGER, STEPHEN A. ECKINGER, for Plaintiff-Appellee/Cross Appellant; ALEX J. MCCALLION, ZACHARY S. MOTTICE, for Defendants-Appellants/Cross Appellees.

*Baldwin, P.J.*

{¶1}   The appellants, Casey M. and Sara M. Magee, appeal the May 2, 2025, Judgment Entry of the Stark County Court of Common Pleas. The appellee is Canton-Stark County Sewer Cleaning, Inc. dba Roto-Rooter.

**STATEMENT OF FACTS AND THE CASE**

{¶2}   In August of 2023, the appellee filed a complaint in the Stark County Court of Common Pleas alleging that the appellants failed to pay an invoice in the amount of

$7,623.40 for work performed, and asserting claims for breach of contract, unjust enrichment, and foreclosure of a mechanic's lien.

{¶3} On October 17, 2023, the foreclosure of a mechanic's lien was dismissed.

{¶4} The appellants answered and asserted counterclaims for breach of contract, violation of the Ohio Home Solicitation Sales Act, violation of the Ohio Consumer Sales Practices Act ("CSPA"), fraudulent inducement, and fraud.

{¶5} On September 20, 2024, the trial court granted summary judgment in favor of the appellee on the appellants' Home Solicitation Sales Act counterclaim.

{¶6} On October 23, 2024, the matter proceeded to a bench trial.

{¶7} At trial, evidence showed that on June 28, 2023, appellant Sarah Magee contacted the appellee about a leak in their basement that occurred when a toilet was flushed. The next day, the appellee sent an employee to the appellants' residence to inspect the plumbing. The appellee's employee determined the vertical copper stack was leaking near the toilet connection. The employee contacted his supervisor, K.R., as the proposed work would require underground work.

{¶8} Upon arrival, K.R. observed deterioration of the copper stack and advised replacement, which would require breaking concrete, excavating underground pipe, replacing the floor drain, and re-pouring the concrete floor. The appellants described K.R. as pushy. The trial court found that the leak and sewage exposure presented a concern that needed prompt repair, and found no persuasive evidence that the statements about urgency were untrue.

{¶9} K.R. provided a quote of $11,237.19. The quote was not itemized into labor and materials, and the evidentiary basis for how the quote was calculated was described

by the trial court as "nebulous," as the person who allegedly provided pricing over the phone did not testify and K.R. could not explain the calculation. The trial court found that the appellants verbally agreed to the $11,237.19 quoted price; the estimate was emailed on June 29, 2023 at 3:08 p.m., business records reflected a signature was captured shortly after the email, and the appellants initiated a financing application for the quoted price. However, the appellee could not produce a written document signed by the appellants agreeing to the estimate.

{¶10} On June 30, 2023, the appellee performed the work, including breaking the basement floor, removing old piping, re-piping approximately six feet of drain line underground, redoing the floor drain, and installing a new laundry tub and water lines. During excavation, K.R. used a camera and told the appellants he could not see most of the pipe and recommended replacing the remainder of the line, quoting an additional $24,131.36. The appellants did not authorize the additional work. T.W., another employee of the appellee, signed his own name on the contract document rather than obtaining the appellants' signatures. The trial court found this was inappropriate but rejected the characterization that he attempted to sign the appellants' names.

{¶11} On July 3, 2023, the appellee's representative reduced the total price to $7,623.40 by modifying the invoice in the appellee's system and explained this was due to a "gross margin analysis," but the appellants did not agree to the reduction.

{¶12} The appellee, concerned about the appearance of the work, returned to the appellants' house and determined the work needed to be redone. Appellant Casey Magee signed authorization to complete the rework and signed an acknowledgment that the work

was completed to his satisfaction. The appellee did not charge the appellants for the rework.

**{¶13}** The appellants ultimately refused to pay for any of the work performed.

**{¶14}** Following trial, the magistrate issued a decision entering a judgment: (1) for the appellants on the appellee's breach of contract claim; (2) for the appellee on the appellee's unjust enrichment claim; (3) for the appellee on the appellants' counterclaims for breach of contract, fraudulent inducement, fraud, and all but one of the appellant's CSPA counterclaim; and for the appellants on one of their CSPA counterclaim.

**{¶15}** The appellants filed objections to the magistrate's decision. On May 2, 2025, the trial court overruled the appellants' objections and approved and adopted the magistrate's decision.

**{¶16}** The appellants filed a timely notice of appeal and herein raise the following five assignments of error:

**{¶17}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF ROTO-ROOTER ON THE MAGEES' CLAIM FOR VIOLATIONS OF THE OHIO HOME SOLICITATION SALES ACT (THE 'HSSA')."

**{¶18}** "II. THE TRIAL COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF ROTO-ROOTER ON ITS CLAIM FOR UNJUST ENRICHMENT."

**{¶19}** "III. THE TRIAL COURT ERRED BY ENTERING JUDGMENT IN FAVOR OF ROTO-ROOTER ON THE MAGEES' CLAIM FOR BREACH OF ORAL CONTRACT."

**{¶20}** "IV. THE TRIAL COURT ERRED IN FAILING TO FIND THAT ROTO-ROOTER VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT (THE 'CSPA') UNDER ADMIN.CODE 109.4-3-05(D)(8) AND (D)(11)."

**{¶21}** "V. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE MAGEES' REQUEST FOR REASONBLE ATTORNEY FEES FOR ROTO-ROOTER'S VIOLATIONS OF THE CSPA."

**{¶22}** The appellees filed a cross-appeal and raise two cross-assignments of error:

**{¶23}** "I. IN THE EVENT THE COURT WERE TO FIND THAT NO CONTRACT EXISTED, APPELLEE SUCCEED [sic] ON ITS UNJUST ENRICHMENT CAUSE OF ACTION."

**{¶24}** "II. THE TRIAL COURT ERRED IN FINDING ANY VIOLATION OF THE CONSUMERS SALES PRACTICES ACT."

## ASSIGNMENTS OF ERROR

## I.

**{¶25}** In their first assignment of error, the appellants argue that the trial court erred in granting summary judgment in favor of the appellee on their HSSA claim. We disagree.

## STANDARD OF REVIEW

**{¶26}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Accordingly, this Court reviews a trial court's award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 1996-Ohio-336.

**{¶27}** Civ.R. 56(C) states in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶28} Thus, summary judgment may be granted only after the trial court determines that:

1) no genuine issue as to any material fact remains to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean, Inc.* (1977), 50 Ohio St.2d 317.

{¶29} As this Court recently observed in *Infield v. Westfield Ins. Co.*, 2023-Ohio-1199, ¶21 (5th Dist.):

It is well established that the party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 1996-Ohio 107, 662 N.E.2d 264 (1996): "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

**ANALYSIS**

**{¶30}** The trial court found that the HSSA is not applicable due to R.C. 1345.21(A)(4). We agree.

**{¶31}** R.C. 1345.21(A) states, in pertinent part:

"Home solicitation sale" means a sale of consumer goods or services in which the seller or a person acting for the seller engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business. It does not include a transaction or transactions in which:

* * *

(4) The buyer initiates the contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale.

Advertisements by such a seller in newspapers, magazines, catalogues, radio, or television do not constitute the seller initiation of the contact.

**{¶32}** Therefore, R.C. 1345.21(A)(4) requires that "the seller must regularly offer or exhibit the very goods or services involved in the transaction in question at a fixed business location in the state." *New Phila, Inc. v. Sangrilla*, 2002-Ohio-3485, ¶47 (5th Dist.).

**{¶33}** Upon review of the record, we find that the appellants initiated the contact with the appellee by calling to request service for a leaking plumbing stack, satisfying the buyer-initiation requirement of R.C. 1345.21(A)(4). The appellee has a fixed place of business in Canton, Ohio. They have signage offering plumbing services and is open to the public. At the location, customers often walked in to purchase products, buy parts, discuss potential work, and discuss materials. The deposition of the general manager showed that anyone could come in and purchase the goods and services involved in this transaction satisfying the requirement that the goods or services involved in the transaction are regularly offered for sale. Accordingly, the trial court did not err in granting summary judgment to the appellee on the appellants' HSSA counterclaim.

**{¶34}** The appellants' first assignment of error is overruled.

## II.

**{¶35}** In their second assignment of error, the appellants argue that the trial court erred in granting the appellee's claim of unjust enrichment. We agree.

## STANDARD OF REVIEW

**{¶36}** We review questions of law de novo. *In re Estate of Quick*, 2004-Ohio-4434, ¶25 (5th Dist.). De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto County Board of Commissioners*, 87 Ohio App.3d 704, 711 (4th Dist.1993).

## ANALYSIS

**{¶37}** The elements of an unjust enrichment claim are: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to

do so without payment. *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183. Under Ohio law, unjust enrichment is a claim under quasi-contract law that arises out of the obligation cast by law upon a person in receipt of benefits that he is not justly entitled to retain. *See Beatley v. Beatley*, 2005-Ohio-1846, ¶61 (10th Dist.). "Ohio law does not permit recovery under the theory of unjust enrichment when an express contract covers the same subject." *Zoar View Wilkshire, LLC v. Wilkshire Golf, Inc.*, 2023-Ohio-2848, ¶26 (5th Dist.), quoting *Padula v. Wagner*, 2015-Ohio-2374, ¶48 (9th Dist.).

**{¶38}** In the case sub judice, the trial court found the appellee could not recover on an oral-contract theory because there was no meeting of the minds as to the price of $7,623.40, but in addressing the appellants' counterclaim for breach of contract, the trial court found an oral contract existed between the parties for a price of $11,237.19. Furthermore, the trial court ordered restitution to the appellee on a claim of unjust enrichment of $7,623.40. These findings are not reconciled in the judgment and render the appropriateness of the appellee's equitable claim unclear.

**{¶39}** The trial court's judgment contains unresolved and inconsistent findings regarding the contract and whether an equitable remedy is available. Accordingly, the appropriate remedy is to reverse the judgment on the findings for the appellants' and appellee's claims for breach of contract and the appellee's claim for unjust enrichment and remand for the trial court to make appropriate findings of fact and apply the corresponding legal framework to the remedies available.

**{¶40}** On remand, the trial court shall clarify and determine, consistent with its factfinding role: (a) whether an enforceable contract existed between the parties governing the work at issue, and if so, the essential terms; and (b) depending on that

determination, whether restitution on unjust enrichment is available and, if so, the proper measure of recovery.

**{¶41}** Accordingly, the appellants' second assignment of error is sustained.

### III.

**{¶42}** Based on our disposition of the appellants' second assignment of error we decline to address the appellants' third assignment of error.

### IV.

**{¶43}** In their fourth assignment of error, the appellants argue the trial court's finding that the appellee did not violate the CSPA was against the manifest weight of the evidence. We disagree.

### STANDARD OF REVIEW

**{¶44}** "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *State v. Butler*, 2024-Ohio-4651, ¶75 (5th Dist.). A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279 (1978). As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings." *State ex rel. Celebrezze v. Environmental Enterprises, Inc.*, 53 Ohio St.3d 147 (1990), 154. "The power to reverse a judgment as against the manifest weight must be exercised with

caution and only in the rare case where the evidence weighs heavily against" the fact finder's determination. *State v. Blankenship*, 2023-Ohio-2162, ¶25 (5th Dist.).

**ANALYSIS**

**{¶45}** Ohio Adm.Code 109:4-3-05(D)(8) & (11) prohibit a seller from representing "that repairs or services are necessary when such is not the fact" and from materially understating or misstating the estimated cost of the repair or service.

**{¶46}** With respect to Ohio Adm.Code 109:4-3-05(D)(8), the trial court found that the appellants failed to prove this violation. Evidence showed that the appellee's employee communicated as soon as he saw the condition of the vertical copper stack that it would have to be replaced and that underground work was likely to be needed. This was confirmed by the employee's supervisor. The trial court found the testimony credible and that, at a minimum, the basement floor would need to be opened to inspect the pipe beneath. The court concluded that the appellants failed to show that the work was unnecessary. Similarly, we also conclude that it was the appellants' burden to establish that such work was unnecessary, and they failed to present credible evidence to support this as their witness admitted he did not inspect any of the work underground.

**{¶47}** Regarding Ohio Adm.Code 109:4-3-05(D)(11), the trial court acknowledged weaknesses in the evidentiary explanation of how the initial quoted price was calculated as the individual who allegedly provided the pricing did not testify. However, the existence of an imperfectly explained estimate does not, by itself establish a (D)(11) violation; the rule requires proof of a material understatement or misstatement of the estimated cost. The appellants did not meet this burden. Instead they relied on their own assertion and the testimony of a witness who did not provide an estimate for all the work completed by

the appellee. Keeping in mind our standard of review, we find the appellants have failed to establish that the trial court erred in declining to find CSPA violations on Ohio Adm.Code 109:4-3-05(D)(8) & (11).

{¶48} The appellants' fourth assignment of error is overruled.

**V.**

{¶49} In their fifth assignment of error, the appellants argue that the trial court abused its discretion by denying the appellants' request for reasonable attorney fees. We disagree.

**STANDARD OF REVIEW**

{¶50} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

**ANALYSIS**

{¶51} R.C. 1345.09(F)(2) authorizes a trial court to award reasonable attorney fees to a prevailing consumer when the supplier committed an act or practice that violates the CSPA and the supplier "knowingly" committed the act or practice.

{¶52} The trial court found that the appellants established two CSPA violations by the appellee and awarded statutory damages of $200 per violation and noneconomic damages of $2,000, for a total award of $2,400. The trial court declined to award attorney's fees.

{¶53} The trial court awarded damages within the permissible range. The appellants put forth a public policy argument as to the benefits of the trial court awarding attorney's fees. The appellants also argue that the trial court failed to explain why

attorney's fees were not awarded. However, the trial court plainly discusses this in its judgment entry. "The violation in and of itself is not significantly egregious, nor does it comprise a substantial enough component of this case, to warrant an award of attorney's fees." Accordingly, the appellants have failed to show that the trial court's decision was unreasonable, arbitrary or unconscionable.

**{¶54}** The appellants' fifth assignment of error is overruled.

## CROSS-ASSIGNMENTS OF ERROR

### I.

**{¶55}** Based on our disposition of the appellants' second assignment of error we decline to address the appellee's first cross-assignment of error.

### II.

**{¶56}** In the appellee's second cross-assignment of error, the appellee argues the trial court erred in finding any violation of the CSPA. We disagree.

## STANDARD OF REVIEW

**{¶57}** Again, "[i]n weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *State v. Butler*, 2024-Ohio-4651, ¶75 (5th Dist.). A judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279 (1978). As the trier of fact, the judge is in the best position to view the witnesses and their demeanor in making a determination of the credibility of the testimony. "[A]n appellate court may not simply substitute its judgment for that of the trial court so long as there is some competent, credible evidence to support the lower court's findings." *State*

*ex rel. Celebrezze v. Environmental Enterprises, Inc.*, 53 Ohio St.3d 147 (1990), 154. "The power to reverse a judgment as against the manifest weight must be exercised with caution and only in the rare case where the evidence weighs heavily against" the fact finder's determination. *State v. Blankenship*, 2023-Ohio-2162, ¶25 (5th Dist.).

### ANALYSIS

**{¶58}** With respect to Ohio Adm.Code 109:4-3-05(D)(12), the trial court found that the appellees failed to provide a written itemized list of repairs and services including a list of parts or materials and the cost of them. The appellee's explanation of this failure was vague and unpersuasive to the trial court. The individual who prepared the initial estimate did not testify at trial, and no other witness provided a clear explanation of how the estimate was calculated. The bill is not itemized as contemplated by Ohio Adm.Code 109:4-3-05(D)(12). The appellee's failure to explain how the initial estimate and final invoice was calculated appropriately raised concern with the trial court. Keeping in mind our standard of review, we find that the trial court's decision finding a violation of the CSPA was not against the manifest weight of the evidence.

**{¶59}** The appellee's second cross-assignment of error is overruled.

# CONCLUSION

**{¶60}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part. The matter is remanded to the Stark County Court of Common Pleas for further proceedings consistent with this opinion.

**{¶61}** Costs to be split equally between the parties.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.